NEW-YORK,
May, 1810.

M'CLAUGHRY
v.
WETMORE.

M'CLAUGHRY *against* WETMORE.

To say to a witness, while he is giving his testimony in a cause in court, to a point material to the issue, "That is false," (meaning what the witness said was false,) is actionable; for when spoken maliciously they are equivalent to a charge of perjury.

THIS was an action of *slander*. At the trial, the jury found a verdict for the plaintiff, on the third count, in the declaration, which is as follows: "And the said *James*, of his further malice against the said *Thomas*, afterwards, to wit, on the same day and year aforesaid, at *Stamford*, in the county aforesaid, and at divers other days and times, both before and afterwards, and while the said *Thomas* was, then and there, giving testimony, in a court of the people of the state of *New-York*, before *John R. Gregory*, Esq. one of the justices of the peace, &c. of said county, in a certain cause, between the said *James Wetmore*, plaintiff, and one *John Kortright*, defendant; of which cause the said justice had jurisdiction, and by whom the said *Thomas* was duly sworn, and was testifying to a point material between the parties there, other false, feigned, scandalous, and opprobrious words, of and concerning the said *Thomas*, in the presence and hearing of divers other worthy citizens, then and there, did falsely and maliciously pronounce and with a loud voice, publish, to wit, "That" (meaning the testimony by the said *Thomas*, then delivered to the said court) "is false." By reason," &c.

*Foot*, for the defendant, moved in arrest of judgment, on the ground, that the words stated in the third count were not actionable; and relied on the case of *Pelton* v. *Ward*. (3 *Caines's Rep.* 73.) He cited also, 1 *Caines*, 147. and 1 *Johns. Rep.* 505. and insisted that the words amounted merely to a charge of *falsehood*.

*E. Williams*, contra.

*Per Curiam.* The defendant charged the plaintiff, with swearing false, as a witness in a court of justice, on a point material in the cause. These words so charged are actionable, if spoken maliciously; for they import perjury. To charge a person with taking *a false oath* in a court, has been held actionable, and this charge is synonymous. (*Com. Dig. tit. Action upon the Case for Defamation, D. 5. 7.*) In the case of *Michell* v. *Browne*, cited in 1 *Roll. Abr.* 70. *pl.* 45. it was held not actionable to say, " He hath delivered false evidence and untruths, in his answer to a bill of chancery;" but the case assigns the reason for it, that many things in a bill are not material to the matter in variance, and peradventure the charge applies to such matter." In the present case the declaration states that the plaintiff was swearing to a matter material when he was so charged. In *Stafford* v. *Green*, (1 *Johns. Rep.* 505.) the charge was, *that he swore false before 'squire Andrews ;* but there was no *colloquium* stated, to show that it referred to a trial, or other legal occasion ; and though there was an *innuendo* to that purpose, yet it is certain that the want of a *colloquium* is not cured by an *innuendo ;* for that can only explain but not enlarge the meaning of the words, without the aid of a *colloquium.* (8 *East,* 427.)

After verdict, we must conclude that the malice was proved. If under any circumstances those words so spoken may be actionable, the suit is now to be sustained, and the motion must be denied.

Judgment for the plaintiff.