CHAPMAN *against* SMITH.

A declaration in slander, charging that in a certain cause before a court of three justices of the peace, constituted under the act concerning apprentices and servants, to hear and determine a certain cause between the people of the state of *New-York* and the defendant, the plaintiff was examined on oath, administered by the said court, they having full power to administer the same, and had given evidence for and in behalf of the people; and that the defendant spoke of and concerning the plaintiff and the prosecution, and the evidence given by the plaintiff on the trial, and a point material to the prosecution, these words, "you have sworn to a damned lie, and I can prove it," is good; there being a sufficient averment of the jurisdiction of the court; and the false title of the cause may be rejected as surplusage.

THIS was a writ of error to the court of common pleas of *Seneca* county. The declaration was for slander, and contained six counts.

The first count stated, that a prosecution had been depending before a court of three justices of the peace of the county of *Seneca*, legally constituted, agreeably to the act entitled, an act concerning apprentices and servants, passed 20th of *February*, 1801, to hear and determine a certain cause between the people of the state of *New-York*, on the complaint of *Ebenezer Carterline*, jun., and the defendant below, which prosecution or cause had been lately tried, and the said *Smith*, the plaintiff below, had been, and was, examined on oath, administered by the court so holden by the said justices, they having full power and complete authority to administer the same, and had given his evidence for and in behalf of the said people; and that the defendant below, well knowing, &c., and intending, &c., in a certain discourse which he had with the plaintiff below, in the presence and hearing, &c., spoke to, and of, and concerning the plaintiff below, and concerning the said prosecution, and concerning the evidence given by the plaintiff on the trial, and on a point material in and to the prosecution, these words : " You have sworn to a damned lie, and I can prove it."

The 2d, 3d, and 4th counts were the same, varying only the words charged.

The 5th and 6th counts not being noticed by the court, it is unnecessary to state them.

The court below gave judgment, generally, for the defendant in error, on the verdict. The cause was submitted to the court, without argument.

SPENCER, J., delivered the opinion of the court. It is objected, that the judgment below being general, it ought to be reversed for defects in the four first counts; and if those counts are defective the judgment cannot be supported.

The defects are supposed to consist in this, that it is not sufficiently alleged that the three justices had jurisdiction of the mat-

ALBANY,
January, 1818.

CHAPMAN
v.
SMITH.

ter set forth in the *colloquium ;* and that there is no averment that the matters sworn to by the plaintiff below, were material. It is alleged in the declaration, in reference to the counts objected to, " that a certain prosecution had been depending *before a court* of three justices of the peace of the county of *Seneca, legally constituted, agreeably to the act* entitled, an act concerning apprentices and servants, passed 20th of *February,* 1801, to hear and determine a certain cause between the people of the state of *New-York,* on the complaint of *Ebenezer Carterline,* jun., and the said *Titus Chapman,* defendant, and which said prosecution, or cause, had been lately tried at the town, &c.; and on such trial the said *Elkanah Smith* had been, and was, examined on oath, administered by the court, so holden by the said justices, *they having full power and complete authority to administer the same,* and had given his evidence for, and on the part and behalf of the said people, at," &c. The declaration then states, that the defendant below spoke and published to, and of, and concerning the plaintiff below, and of and concerning the said prosecution, which had been so depending as aforesaid, and of and concerning the evidence by the plaintiff below given, on the said trial, as such witness as aforesaid, and on a point material in and to the prosecution, these false, scandalous, malicious, and defamatory words, that is to say : " You (meaning the said *Elkanah*) have sworn to a damned lie, and I (meaning the said *Titus*) can prove it."

The other three counts are substantially the same.

The jurisdiction of the justices is supposed to be destroyed by the allegation, that they were constituted to hear and determine a cause between the people of the state of *New-York,* on the complaint of *Ebenezer Carterline,* jun., and *Titus Chapman,* defendant: if they had not jurisdiction, then it is conceded that the false swearing would not be perjury, and the words would not be actionable. The averments that the court was legally constituted, agreeably to the act concerning apprentices and servants, that the plaintiff was examined before that court on oath, and that they had full power and complete authority to administer the same, fully show a jurisdiction in the justices. By reference to the act under, and agreeably to, which it is averred the court of three justices was legally constituted, it will appear, that they had power and authority only to decide concerning the misusage of an apprentice or servant, by his

master or mistress, or of misbehaviour of the apprentice towards his master or mistress; this act confers no authority upon three justices, to try any matter wherein the people of the state are concerned.

After verdict, we are, I think, warranted in rejecting, as surplusage, the false title of the suit. The three justices were convened under the act stated, and it was a plain misconception, that the people of the state were concerned, but that misconception did not deprive them of jurisdiction. It was the very *gist* of the inquiry in the court below, as we must intend, whether the three justices had power or not to administer an oath to the plaintiff below; it having been averred, in the declaration, that the court was legally constituted, and that they had full power, and complete authority, to administer the oath, the plaintiff below could not have recovered a verdict without showing it. It is a rule of the common law, that surplusage will not vitiate, after verdict; *utile per inutile non vitiatur;* and, therefore, where, in *trover,* the plaintiff declared that, on the third of *March,* he was possessed of goods which came to the defendant's hands, and that, afterwards, to wit, on the first of *March,* he converted them to his own use, it was held to be cured after verdict. (2 *Tidd's Pr.* 827., and the cases referred to.)

The case has frequently occurred in this court, that justices of the peace, in making returns to *certioraris,* have stated that the cause was tried under the repealed act of 1808, and we have uniformly held, that a mistake of the act did not affect their jurisdiction. This can be considered in no other light than a misentitling of proceedings, before magistrates authorized by statute to act. Suppose these magistrates had discharged the apprentice from his indentures, could it be contended that they were trespassers, on the ground of a defect of jurisdiction, merely because they erroneously supposed the people of the state were parties to the proceeding? I should suppose not.

In several cases we have decided, that charging a person with swearing falsely before a justice, without a *colloquium,* showing that it referred to a trial, or other legal occasion, was not actionable. (1 *Johns. Rep.* 505. 8 *Johns. Rep.* 109. 2 *Johns. Rep.* 10.) But in *M'Claughry* v. *Wetmore,* (6 *Johns. Rep.* 82.,) we say, that to charge a person with taking a false oath in a court, has been held actionable. In that case it was averred, that the plaintiff was duly sworn, and was testifying to

a point material between the parties; and, of course, that averment fortified and strengthened the particular case; but it is manifest, from the opinion of the court, that the judgment would not have been arrested, had that averment not been contained in the declaration; we expressly said, that, after verdict, we must conclude that the malice was proved, and that if, under any circumstances, such words are actionable, the suit is to be sustained.

In the present case, there is an averment, that the words were spoken of and concerning the evidence given by the plaintiff below, and on a point material in and to the prosecution; but if this averment had not been made, I should still be of the opinion that, after verdict, we must intend that the words were spoken in relation to material evidence. In *Pangburn* v. *Ramsay*, (11 *Johns. Rep.* 142.,) it was decided, that where there is a defect, imperfection, or omission, which would have been fatal on demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts, defectively or imperfectly, stated, or omitted, and without which it is not to be presumed the judge would direct, or the jury would have given, the verdict, such defect, omission, or imperfection is cured by the verdict. On the trial it would have been competent, to either party, to inquire in reference to what part of the evidence given, the words were spoken; and if it had appeared that they were spoken of evidence entirely immaterial, it is not to be presumed that the plaintiff below would have obtained a verdict. The verdict, therefore, shows, that it must have been proved that the words were spoken of material testimony. This principle, in my apprehension, applies, with equal force, to both objections; for the plaintiff could not have succeeded in the court below, without showing that the justices had power to administer the oath to him.

Judgment affirmed.