HITCHCOCK, J.
The principle in such case is, that the charge-of false swearing must relate to some matter which, if false, would be perjury. To say of another’s testimony in court, he swore false,, is held equivalent to a direct charge of perjury, and actionable; but if, at the time of speaking, the words are qualified so as to show that the matter of which he spoke was of immaterial statements of the *155 witness, wherein perjury could not be committed, the words are not actionable. Is such tbe case herd? The words spoken related to the whole evidence of the witness. There were no qualifying words in the defamation; but it is sought to elicit that qualification as an. inference of law; because in styict law the whole evidence on the defence was improper. The true question is, was the testimony material to the matter in hearing ? Suppose an issue is made up and tried, and a witness testifies upon it, and is charged with swearing falsely: Would it be competent for the accused to show, when sued for the slander, that in strict law the issue was immaterial and should have been stricken out? Suppose farther, that the judgment should be reversed for error in admitting the evidence, and a new trial awarded, would that do away the slander? Could you incorporate this legal inference upon the slanderous words published as qualifying words, or as connected with the slander? We think not. So we understand the eases in New York, 13 John. 81, and 20 John. 384. If the words applied to the whole evidence, they are actionable, but if the witness testified to some things material to the issue and some immaterial, and the slander only related to the latter; and was so understood, then no action can be maintained for sjieaking them. In this case the matter on trial before.the justice was, as to the payment in corn. Suppose the justice mistook the law, and allowed that to be relied upon which was no legal defence, and that, as it appears to us, is all the plaintiff in error can claim, yet it was in fact the matter or issue tried before him, and the testimony was material to that matter.
The judgment is affirmed, with costs.