WASHINGTON,              JABEZ MOWER v. ARNOLD L. WATSON.
July,
1839.    To say to a witness, who was giving his testimony upon a material point,
         in a cause then on trial, "that is a lie;" and to repeat this, not only to
         the witness, but to the counsel for the opposite party, if done malicious-
         ly and with a view to defame the witness, is slander.

         The privileges of the party and his counsel, in regard to words spoken in
         the conduct of a cause, seems to be co-extensive.

         Neither is liable to an action of slander for words spoken in the course
         of the conduct of the case, and which were pertinent to the issue, or to
         the matter then in hand.

         And, if such words are not pertinent to the matter in issue, but were spoken
         bona fide, no action of slander will lie.

         Hence, the party in order to maintain an action of slander, for words so
         spoken, must show that they were not pertinent to the. matter in pro-
         gress at that time, and were spoken with a view to defame the plaintiff.

THIS was an action on the case, for slanderous words.

The words alleged to have been spoken by the defendant,
of and concerning the plaintiff, were as follows ;—

"That is a lie."   "I do intend to charge him (the plain-
tiff) with telling  a  lie  under oath," which words were al-
leged to have been spoken with reference to testimony
which the plaintiff was giving, at the time of such speaking,
in a court of justice, in the  trial of a cause there pending,
and upon a material point.

Plea, not guilty, issue to the country.

Upon the trial in the county court, the plaintiff introduced testimony tending to prove, that upon the trial of the suit mentioned in the declaration, being an action on note, in which the defendant was a party, the defendant called upon the plaintiff to testify in that suit. The point in issue was the value of a patent churn, for which the note was given. The plaintiff, in the course of his testimony, stated that the defendant, a short time before the trial, admitted to the plaintiff that he, the defendant, knew that the churn was good for nothing at the time of the sale, whereupon the defendant, who sat by, spoke the words alleged in the declaration, repeating them once or twice, as the plaintiff repeated his statement, addressing himself first to the plaintiff, and on being enquired of by the counsel for the defendant in that suit, if he intended to charge the plaintiff in this suit with telling a lie, under oath, he replied he did. The defendant had counsel present, on that trial, but whether he or his counsel was examining the witness, at the time when the words were spoken, did not appear.

Upon this part of the case, the defendant requested the court to charge the jury, that the plaintiff could not recover.

But the court charged the jury, that the defendant in this suit, in the trial of the cause referred to, would be privileged in addressing any language, however scandalous or slanderous, to the witness, by the way of interrogatories in the course of examination, while upon the stand, or to the court, by way of argument, or to his counsel by way of instructing him in the conduct of the case, and if the defendant spoke the words in either of the modes specified, the plaintiff could not recover. But if the defendant left the examination of the witness, and instead of addressing himself to the court, or to his own counsel, entered into an altercation with the witness, now plaintiff, and stated to others, about the room, the words complained of, with a view to insult and outrage the plaintiff's feelings and defame his character, the defendant was liable in damages, notwithstanding he might have supposed such a course would, incidentally, aid him in the result of his suit.

In regard to the damages, the court charged the jury, that if the plaintiff's case was fairly made out, he ought to recover such damages as he had in fact sustained, and in estimating

the damages, they would consider that in bringing a suit he must be at some expense of time and trouble, and paying counsel which would not be included in his taxable costs, which they would consider; that he ought not to be in a worse condition, in a pecuniary point of view, on account of the suit; that they might also give damages with a view to correct the defendant in his future course, and to deter others from like offences, if they thought the case one of such a character as called upon them to give damages with such a view. This they should not do, unless the conduct of the defendant was wanton and aggravated. The question of damages was wholly submitted to their discretion, and they were instructed to give such damages, as, upon the whole case and all its circumstances, they deemed just and reasonable.

The jury returned a verdict for the plaintiff, and the defendant excepted.

*L. B. Peck,* for defendant.

1. The words being spoken by the defendant in court, in answer to what the plaintiff testified, are not actionable. 1 Ro. A. 87. *Astley* v. *Young,* 2 Burr. R. 807. *Hodgson* v. *Scarlett,* 1 B. & A. R. 232. *Hare* v. *Miller,* 3 Leon. R. 138. *Fowler* v. *Homer,* 3 Camp. R. 294, note. *Beauchamp* v. *Croft,* Dyer. 285. *Badgley* v. *Hedges,* 1 Penn. R. 233. *McMillan* v. *Birch,* 1 Binney's. R. 178.

2. The court instructed the jury, among other things, that if they found the defendant repeated the words to those about the room, the plaintiff was entitled to recover. The court were correct in this, if there was any evidence on this point, but there was none in fact, nor does the case show that there was any.

3. It would seem, from analogy, that the proper remedy in this case would have been by a special action on the case, charging the words to have been spoken, not only falsely, and maliciously, but without any reasonable or probable cause. The burden of proving the want of probable cause would thus be thrown upon the party complaining, the manner in which the words were spoken being *prima facie* evidence that it was done for sufficient cause and with proper motives.

*Wm. Upham, and A. Spalding,* for plaintiff.

The charge, of which the defendant complains, was more

favorable to his defence than the law warranted.

WASHINGTON, July, 1839.

Mower v. Watson.

The words charged in the declaration are actionable in themselves, and the plaintiff was entitled to recover, on proving their publication by the defendant. *Turner* v. *Ogden*, 6 Mod. 104. S. C. 2 Salk. 696. *Widrig* v. *Oyer*, 13 Johns. R. 124. *Van Ness* v. *Hamilton*, 19 do. 363. *Holt* v. *Scholefield*, 6 Term R. 691, 4. *Billings* v. *Wing*, 7 Vt. R. 439, and cases cited.

To say to a witness, while he is giving his testimony in a cause in court to a material point, "that is false," (meaning what the witness said was false) is actionable. *McClaughry* v. *Wetmore*, 6 Johns. R. 82. *Kean* v. *McLaughlin*, 2 Serg. & Rawl. R. 469. Wharton's Dig. 704, pl. 24 and 25.

The circumstances under which the scandalous words were spoken by the defendant, affords him no justification. *Fox* v. *Vanderbeck*, 5 Cowen's R. 513. *Ring* v. *Wheeler*, 7 do. 725. *Burlingame* v. *Burlingame*, 8 do. 141. *Dodd* v. *Henry*, 9 Mass. R. 262. *Clark* v. *Binney*, 2 Pick. R. 113. *Bodwell* v. *Osgood*, 3 do. 379. 1 Swift's Dig. 488. 1 Saunder's R. 131, note 1.

Words spoken in the argument of a cause, either by the party or his counsel, may be actionable, if the speaker designedly and maliciously wander from the point, for the purpose of slander. *McMillan* v. *Birch*, 1 Binn. R. 178. 1 Swift's Dig. 488. *King* v. *Lord Abingdon*, 1 Esp. R. 226. *Rogers* v. *Clifton*, 3 Bos. & Pul. 587. So may the subject matter of a petition to remove a public officer, if false and malicious. *Thorn* v. *Blanchard*, 5 Johns. R. 508. Starkie on slander, 206, to 209. *Gray* v. *Pentland*. 2 Serg. & Raw. 23. 420. 2 Starkie's Ev. 875, note 3. *Lewis* v. *Few*, 5 Johns. R. 1. *Bradley* v. *Heath*, 12 Pick. R. 163. 2 Stark. Ev. 876, note 1.

The opinion of the court was delivered by

REDFIELD, J.—The question raised by the bill of exceptions in this case, is one of very considerable practical importance, and no little difficulty. It is believed, however, that the principle upon which this case must be decided, is distinctly settled in *Torry* v. *Field*, 10 Vt. R. 353. It is there

considered, that the privilege of all, whose duty or interest calls them to participate in the proceedings of courts of justice, is not to be made liable to an action of slander or libel, for any thing spoken or written therein, provided it be in the ordinary course of proceedings, or *bona fide.* This privilege extends to court, jury, witnesses, parties and their counsel. I am not inclined to believe that there is any good ground of distinction, as to the extent of this privilege, between counsel and client. Principle and authority seem to concur in requiring, that the privilege of the one should be coextensive with that of the other. The counsel is but the agent of the client, and in that capacity, only, could claim any protection. We incline then to consider, that this privilege, as to parties in courts of justice, is correctly laid down in that case, where it is said, " that the party claiming the protection, must have spoken the words, in the reasonable and necessary defence or pursuit of his rights," in a suit either then pending or about to be instituted. And words spoken by counsel, to be privileged, " must have been spoken in the course of the discharge of his duty to his client, and must have been pertinent to the matter in question." I apprehend this is the general principle to be deduced from the cases upon this subject, and is carrying the privilege as far as reason or propriety would warrant. I do not, however, wish to be understood, that there may not be found cases carrying the rule much further; but such cases have not been generally regarded as authority. In the case of *Hodgson* v. *Scarlett,* 1 Holt's R. 621, Mr. Baron Wood says, " I have always considered it to be an established principle in law, that for imputed slander, originating in judicial proceedings *in court,* no action will lie ;" thus most obviously extending the privilege to every word spoken " *in court,*" whether pertinent to the issue or not. This was at the *nisi prius* trial of the case. The words charged to have been spoken by defendant, Sir James Scarlett, were spoken by him in summing up to the jury, in a case tried at the Gloucester assizes, and seemed to have been admitted, on all hands, to have been pertinent. The rule thus laid down by the learned judge was much broader than the case required. The case was discussed before the full bench, C. P., and is reported in 3 C. L. Rep. 204, in note, and in 1 B. & A. Rep. 232. The judges delivered their opinions

seriatim, confirming the nonsuit which was ordered at *nisi*

*prius.* But each judge puts much stress upon the point of the words having been pertinent to the matter in question. Lord Ellenborough says, " it was clearly proved, that the words were relevant to the matter in issue." Bayley Justice says, " they, the words, were no more than the counsel was privileged in using, as pertinent to the matter in issue." Abbot, J., says, " here the pertinency of the expressions was manifest." Holroyd, Justice, says, " his opinion in this case was governed, first, on the ground of the pertinency of the words to the matter in issue, and secondly, that no malice was proved." In Sir Richard Buckley & Wood's case, 4 Coke, 14, it is said, the defendant is not justified in preferring matter in the star chamber, which was only pertinent to a trial by indictment, because that court had no cognizance of such matters, and because " the bill hath not appearance of any ordinary course of justice." Ch. J. Swift, 1 Swift's Dig. 645, says, the defendant is justified, " if the words were spoken by him as counsel, and were pertinent to the matter in question ;" and on p. 488, " this must be understood where the words are pertinent to the issue." Mr. Starkie, in the recent and greatly improved edition of his treatise on evidence, lays down the rule thus . " But the defence would fail, if it appeared that the mode or the extent of the publication, was not warranted by the usual course of proceedings in such cases." 2 Stark. Ev. 467, 468. In note 3, it is said, " great allowance is to be made for what a man says, when attending his own cause. He has a right to the utmost freedom in communicating his sentiments to his counsel or the court ; but he may not make this privilege a cover for malicious slander;" citing 1 Browne's R. 40, and 4 Yeates, 322. To say to a witness, who had just finished his testimony, " you have sworn to a manifest lie," is actionable. *Kean* v. *McLaughlin,* 2 Serg. & R. R. 469. To say to a witness while giving his testimony to a material point in the case, "that is false," is actionable, if spoken maliciously. *M' Claughry* v. *Wetmore,* 6 Johns. 82. From the forgoing cases the true ground of the privilege is readily deduced. *Prima facie,* the party or his counsel is privileged for every thing spoken *in court,* If any one considers himself aggrieved, in

order to sustain an action for slander, he must show that the words spoken were not pertinent to the matter then in progress, and that they were spoken maliciously, and with a view to defame him. So that if the words spoken were pertinent to the matter in hand, the party and counsel may claim full immunity from an action of slander, however malicious might have been his motive in speaking them. So, too, if the words were not pertinent to the matter in issue, yet, if the party spoke them *bona fide,* believing them to be pertinent, no action of slander will lie. So that the plaintiff, in order to maintain this action, must prove, first, that the words spoken were not pertinent to the matter then in hand, and secondly, that they were not spoken *bona fide.* This was the view taken by the county court, and that judgment must be affirmed. The rule here laid down is fully sustained by the case of *Torry* v. *Field,* and numerous cases there cited, to which case I beg leave to refer, as containing my own views upon the propriety of the rule, more at length than it is deemed suitable here to repeat.