Green, J.
delivered the opinion of the court.
This is an action for slanderous words. The declaration has several counts, in the first of which it is alleged that the defendant spoke of and concerning the plaintiff the following words: “I had a law suit with Thomas G. Denning about a hog, and Thomas Stark swore falsely against me, and I have advertised him as such.” The defendant pleaded “not guilty” and “justification.” The jury found a verdict for the plaintiff for two thousand dollars. The. defendant moved in arrest of judgment, which motion was overruled and an appeal in error prosecuted to this court.
The question now is, whether these words are actionable in themselves. Where the slanderous charge or imputation can be collected from the words themselves it is unnecessary to make any averment as to the circumstances to whose supposed existence the words refer. Starkie on Slander, 206. And slanderous words are to be understood in their obvious sense; and if, when so understood, they necessarily convey to the mind of the hearer the imputation of a crime, they are actionable per se, otherwise they are not. In the case of Sherwood vs. Chase, 11 Wend. Rep. 38, the words were: “I cannot enjoy myself in a meeting with Sherwood, for he has sworn false and I can prove it; and if you (meaning the bystanders) do not believe it you can go to esquire Bassett’s and see it in a suit between James L. Sherwood plaintiff and Richard P. Brown defendant.” After verdict the court refused to arrest the judgment, holding that the defect in the declaration, which was the want of an averment that the testimony was material, was cured by the verdict. This case of Sherwood vs. Chase is almost identical with the one now under consideration. The defendant in this case said he had a law suit with Thomas G. Denning about a hog, and Thomas Stark swore falsely against him. Although he does not say hefore what court the law suit was pending, yet as a law suit could not exist except before some judicial tribunal, the statement that he had a law suit is equivalent to a statement that there was a judicial proceeding; And so the court held in the case of Pelton vs. Ward, Cains, 73, where the *513 words were: “You swore a damned lie and you know it, for which you now stand indicted.” The court said the words in this instance could mean nothing less than peiq'ury, for it was an allegation that the plaintiff had sworn to such a lie 'as rendered him obnoxious to an indictment.
The mere charge that a party “swore falsely” or “swore falsely before ’squire Andrews,” as in Stafford vs. Green, 1 Johns. Rep. 505, would not necessarily impute perjury, and therefore would not be actionable. There was nothing to show a judicial proceeding was referred to, or that ’squire Andrews was a justice of the peace. But a law suit implies in itself a judicial proceeding, and when mentioned necessaly refers to a judicial proceeding;
As to the other part of the charge, that “Thomas Stark swore falsely,” it necessarily implies that an oath was administered, and that in giving his evidence he stated a falsehood; The want of an allegation that the testimony was material we have seen is a defect that is cured by the vérdict. 13 Johns. 80: 6 Johns. 82.
We think there is no error in the judgment and order it td be affirmed.