## Ephraim H. McNabb v. Albert Neal.

1. SLANDER—*Privilege of Witness in Giving Testimony—English Rule.*—According to the English rule, whatever the witness says in giving his testimony is absolutely privileged, and however false and malicious it may be, no action can be maintained on the words spoken.

2. SAME—*Another Rule.*—Another line of authority adopted by some, and perhaps by a majority of the States, is that what the witness states, in giving his testimony, is *prima facie* privileged; but if the witness, not in good faith, but of his own motion, voluntarily and maliciously utters slanderous words concerning another, and which are not pertinent to the matter being investigated, but are interjected for the purpose of injuring the character of the person about whom the words are spoken, he can not invoke the shield of the law to protect him from the consequences of his own wrong, not only needlessly, but purposely, committed.

Trespass on the Case, for slander. Error to the Circuit Court of Hamilton County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the August term, 1899. Affirmed. Opinion filed March 16, 1900.

STELLE, WALKER & CROSS, attorneys for plaintiff in error.

WEBB & LANE, attorneys for defendant in error.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

This action is for slander, alleged to have been committed by defendant in error against plaintiff in error.

The amended declaration, except the allegations of special damages, is as follows:

"Ephraim H. McNabb, the plaintiff, by Stelle, Walker & Cross, his attorneys, complains of Albert Neal, the defendant, of a plea of trespass on the case, for that whereas the plaintiff, before and at the time of the committing by the defendant of the several grievances, etc., on the 20th day of December, A. D. 1895, in the county aforesaid, the judge of the County Court of said county having appointed W. W. Hall, M. D., and J. J. Hassett, M. D., commissioners to inquire into the alleged insanity of the plaintiff, Ephraim H. McNabb, the said defendant appeared before W. W. Hall, M. D., and J. J. Hassett, M. D., commissioners as aforesaid, and in their presence and hearing, and in the presence of divers other persons, in a certain discourse which the defendant then and there had, of and concerning the plaintiff, the defendant further intending and contriving as aforesaid, in the presence of the parties last aforesaid, falsely and maliciously spoke and published of and concerning the plaintiff, these false, scandalous, malicious and defamatory words following, that is to say: his father,' meaning the father of the plaintiff, was insane; he, meaning the father of plaintiff, used tobacco freely; was an habitual drunkard; meaning the father of the plaintiff. He, meaning the plaintiff, had an epileptic fit while laying off my barn frame and was confined to his bed for two weeks thereby; meaning and intending to charge that the father of the plaintiff was insane and that his condition was aggravated or caused by using whiskey and tobacco freely, and that the plaintiff was subject to epileptic fits which was hereditary, and that said unsound mind had descended to the plaintiff as an inheritance from the father and was hereditary. By means of the statements of the defendant aforesaid, the said plaintiff was adjudged insane by said commission, before whom said false, scandalous and malicious statements were made, and by reason of their reporting that he, the said Ephraim H. McNabb, is insane, and on their recommendation to S. M. Wright, judge of the County Court of said county, that he be sent to some public or private hospital for the insane, he was so sent by order

of the County Court of said county to the Southern Hospital for the Insane at Anna, Ill., the finding of said commission as to his insanity, and the order of the County Court being made on the 20th day of December, A. D. 1895."

The defendant filed a general demurrer to the declaration, which was sustained by the court, and judgment having been rendered against plaintiff for costs, he brought the case here by a writ of error, and has assigned for error the judgment of the court sustaining the demurrer.

The slanderous words are not designated in the record by quotation marks, as they should have been, but they are not difficult to ascertain by a careful reading of the declaration.

Upon the question of privilege of a witness in giving his testimony in a judicial proceeding, there are two lines of authorities in this country; one following the English rule, which holds that whatever the witness says in giving his testimony is absolutely privileged, and however false and malicious it may be, no action can be maintained on the words spoken.

The Supreme Court of Maryland, in Hunckel v. Voneiff, (69 Md. 179, 9 Am. S. R. 413), has adopted the English rule, and the Supreme Court of this State, in McDavitt v. Boyer, 169 Ill. 475, has cited the Maryland case, but whether the court intended to adopt the rule laid down in the cited case is not certain.

It is true that the McDavitt case differs from this case, in the fact that the defendant there was not a witness, but was acting as counsel in the case, conducting the prosecution, and as such counsel uttered the slanderous words; but that fact is not material, since the same privilege that is accorded a witness in testifying is accorded by all courts to attorneys in the trial of cases.

Other, though perhaps not a majority of the States, have adopted the English rule, and in Townsend on Slander and Libel, Sec. 223, the same rule is laid down, seemingly without a doubt in the mind of the author as to its correctness.

The other line of authority adopted by some, and per-

haps by a majority of the States, is that what the witness states in giving his testimony is *prima facie* privileged; but if the witness, not in good faith, but of his own motion, voluntarily and maliciously utters slanderous words concerning another, and which are not pertinent to the matter being investigated, but are interjected for the purpose of injuring the character of the person about whom the words are spoken, he can not invoke the shield of the law to protect him from the consequences of his own wrong, not only needlessly, but purposely, committed.

There are good grounds for support of either line of authority and hence it is not strange that courts disagree in their views in regard to the matter. We are not called upon in this case to determine which line of authority is the sounder or the better one to follow, since all of the authorities so far as we are advised, agree that, presumptively, the words spoken are privileged, and there is no allegation in the declaration rebutting this presumption. In addition to this presumption, it clearly appears from the declaration, not only that the slanderous words were spoken in giving testimony as a witness in a judicial investigation, but that they were pertinent to the matter that was being investigated, thus bringing the case far inside of the line of complete protection to the defendant. Liles v. Gaster, 42 O. St. 631.

The court did not err in sustaining defendant's demurrer to plaintiff's declaration, and the judgment is affirmed.