## HARTUNG *v.* SHAW.

1. LIBEL—PLEADING—PRIVILEGE.

Statements made in an answer to a bill of complaint in chancery, if relevant or material to the issue, are absolutely privileged, and cannot be made the basis for an action of libel.

2. SAME—NECESSARY AVERMENTS.

A declaration for libel, founded upon statements contained in an answer to a bill of complaint in chancery, is fatally defective if it does not allege that the statements were irrelevant or immaterial to the issue in the chancery suit, and an averment that the statements were false and malicious is insufficient.

3. SAME—DEMURRER—WAIVER.

Such an allegation is necessary to state a cause of action, and is not waived by a failure to demur to the declaration.

4. SAME—PRIVILEGE.

Whether statements made in the course of judicial proceedings are absolutely privileged,—*quære.*

Error to Macomb; Whipple, J., presiding.. Submitted December 12, 1901.    (Docket No. 185.)    Decided March 26, 1902.

Case by George G. Hartung against Georgia A. Shaw and John L. Starkweather for libel.    From a judgment for defendants on verdict directed by the court, plaintiff brings error.    Affirmed.

This is an action of libel. The declaration is in the usual form. The libel complained of was in an answer to a bill in chancery, filed by one Sarah A. Brabb against plaintiff, defendant Shaw, and others. The declaration alleges that the bill of complaint to which this answer was filed prayed for the partition and division of certain lands devised under the seventh clause of the will of Marvil Shaw, deceased. The libelous matter complained of, and stated to be in the answer, is as follows:

"That defendant would further set up on information and belief, and so believing the facts states the truth to be, on which she relies in this case for her defense herein, the facts and circumstances in this case, that the facts as stated in the affidavit of Will Chisnell about the agreement made on the 21st day of July, 1896, and the carrying out of said agreement on the 27th day of July, 1896, that the facts stated in the affidavit of John Mellen, as detailed in October and November, 1896, as to the sickness and cause of the sickness of Ratie Eldred, are repulsive and inhuman.

"That this defendant would further set up on information and belief, and so believing states the facts to be, upon which she relies in this case for her defense to the division of said property, or the sale of said property, as the facts and circumstances in this case, that said facts and circumstances tend to show strongly that George G. Hartung was directly and indirectly responsible for the condition and sickness of said Ratie Eldred, with a wicked intent, as this defendant verily believes, with a full belief and intention to destroy in Ratie Eldred the physical possibility of leaving at his death a child or children by his body begotten."

The declaration then proceeds, by the appropriate innuendo, to state what is meant by the above article. Defendant Shaw pleaded the general issue, with notice that the answer containing the alleged libelous matter was filed and a copy thereof served upon complainant under and in accordance with the rules of the court; that she employed the defendant Starkweather as her solicitor; that the answer was filed and served in good faith pursuant to the advice of her solicitor, upon whose advice she fully relied;

and that such alleged publications were privileged. De-fendant Starkweather filed a plea of the general issue, with notice that the words and matters complained of were pertinent to the issue in said cause, and that the answer was filed in good faith, and also gave notice of the truth of the matters stated in the publication. Upon the trial defendants objected to the introduction of testimony upon the ground that the declaration did not state a cause of action. The court so ruled, and judgment was entered for the defendants.

*Dwight N. Lowell* (*Geer & Williams*, of counsel), for appellant.

*Byron R. Erskine*, for defendant Shaw.

*F. H. & G. L. Canfield*, for defendant Starkweather.

GRANT, J. (*after stating the facts*). 1. The ruling of the judge appears to have been based upon the theory that the declaration disclosed a case *prima facie* privi-leged, and that it was fatally defective in not alleging that the publication was not within the privilege, or that the defendant exceeded her privilege. Counsel for the plain-tiff insist that the averment that the statements were false and malicious negatives every possibility of pertinency, materiality, and relevancy. We do not so understand the rule. If statements made in the course of judicial pro-ceedings, in pleadings or in argument, are relevant, material, or pertinent to the issue, their falsity or the malice of their author is not open to inquiry. They are then absolutely privileged. *Hoar* v. *Wood*, 3 Metc. (Mass.) 193, 197; *Maulsby* v. *Reifsnider*, 69 Md. 143 (14 Atl. 505); *Moore* v. *Bank*, 123 N. Y. 420 (25 N. E. 1048, 11 L. R. A. 753); 2 Stevens, Mich. Prac. § 275. It is only necessary that the language be pertinent, or, as some authors say, relevant. Chief Justice Shaw in *Hoar* v. *Wood* said:

"In determining what is pertinent, much latitude must

be allowed to the judgment and discretion of those who are intrusted with the conduct of a cause in court, and a much larger allowance made for the ardent and excited feelings with which a party, or counsel, who naturally and almost necessarily identifies himself with his client, may become animated, by constantly regarding one side only of an interesting and animated controversy, in which the dearest rights of such party may become involved."

Where a party shows in his declaration a publication presumptively privileged, it is his duty, in order to recover, to prove that the words spoken were not pertinent or relevant, and that they were not spoken *bona fide. Mower* v. *Watson*, 11 Vt. 536 (34 Am. Dec. 704); *Henry* v. *Moberly*, 6 Ind. App. 490 (33 N. E. 981); *McNabb* v. *Neal*, 88 Ill. App. 571; *Johnson* v. *Brown*, 13 W. Va. 71. If it be necessary to prove this, it is equally necessary to allege it. All the information the declaration gives is that the words complained of were uttered in an answer to a bill in chancery filed to obtain a partition of lands. For all that appears there may have been averments or allegations in the bill in chancery to which the averments of the answer were responsive.

Did the failure to demur waive the objection? The defective statement of a cause of action is waived by a failure to demur. But in such cases the declaration must state a case. Material averments, essential to maintain a cause of action, are not waived. *Parker* v. *Armstrong*, 55 Mich. 177 (20 N. W. 892); *Schindler* v. *Railway Co.*, 77 Mich. 136 (43 N. W. 911).

2. It is urged by the defendants that pleadings are absolutely privileged, and that no action of libel based thereon will lie. In England they are held absolutely privileged. In this country the authorities are divided. The question has not been directly decided by this court. This court in *Hart* v. *Baxter*, 47 Mich. 198 (10 N. W. 198), recognized that there was a limit to the privilege, and approved the rule as stated in *Hoar* v. *Wood*, 3 Metc. (Mass.) 193. The statement was purely *dictum*, and was made after the court had decided the question that the

statements complained of there were relevant, and therefore privileged. The same remark is true of many of the cases cited in 18 Am. & Eng. Enc. Law (2d Ed.), 1024. The question is an important one. Inasmuch as it is not necessary to now decide the question, we refrain from expressing any opinion.

Judgment is affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. LONG, J., did not sit.