### Joseph LaPlaca v. John A. Lowery

[349 A.2d 235]

No. 99-75

Present: Barney, C.J., Smith, Daley, and Larrow, JJ., and Dier, Supr. J., Specially Assigned

Opinion Filed December 2, 1975

*Guarino & Bean,* White River Junction, for Plaintiff.

*Dinse, Allen & Erdmann,* Burlington, for Defendant.

*M. Jerome Diamond,* Attorney General, and *James E. Hirsch,* Assistant Attorney General, Montpelier, for State.

**Smith, J.** The plaintiff, Joseph LaPlaca, brought a complaint in the Windsor Superior Court against John A. Lowery, presiding judge of the District Court of Vermont, Unit No. 6, Windham Circuit. The complaint alleges that the defendant slandered him during an arraignment session of the District Court in January, 1975. The specific complaint is that he called the plaintiff a liar in the presence of numerous persons and court personnel on a motion to dismiss. Based on the ground that judicial immunity protected the allegedly slanderous words, the Windsor Superior Court dismissed the cause in March, 1975.

The issue presented is whether the lower court committed error in finding that the doctrine of judicial immunity sheltered the words complained of.

"The inquiry under a motion to dismiss relates only to what appears of record and does not reach defects that require extrinsic proof to establish." *Hanely* v. *United Steel Workers of America,* 119 Vt. 187, 190, 122 A.2d 872 (1956). The only record which appeared before the lower court was plaintiff's complaint. The defendant has made a transcript of the proceeding in the District Court a part of the record before this Court. The transcript disclosed the allegedly slanderous words, and that the statements were made during a hearing on a motion for the defendant judge to disqualify himself from hearing the traffic offense in which the plaintiff was involved. The motion to disqualify was granted. However, this transcript was not introduced at the lower court hearing, and we cannot consider it here.

Vermont law has included a doctrine of judicial immunity which applies to judges, attorneys, and witnesses, since the

cases of *Mower* v. *Watson,* 11 Vt. 536, 34 A.D. 704 (1839), and *Torrey* v. *Field,* 10 Vt. 353, 414, in 1838. *Bannister* v. *Wakeman,* 64 Vt. 203, 208, 23 A. 585 (1891) quotes with approval a dissenting opinion of Judge Powers in *Vaughn* v. *Congdon,* 56 Vt. 111, 128, 48 A.R. 758 (1883):

> Immunity from liability in favor of the judges rests upon the broad ground of public policy, which declares that a judge, for acts done by him in his public capacity, *is absolutely privileged from action.* It is an official privilege, which, though it covers a multitude of sins, is still absolutely essential to the due administration of justice. It is a privilege not primarily designed for the protection of the judge, but for the *protection of the public,* by making the judges free, independent and fearless in the discharge of their duties.

The essential question, therefore, is whether the statements were made during the performance of an act which was judicial, and within his general authority. "This immunity does not reach beyond judicial acts." *Polidor* v. *Mahady,* 130 Vt. 173, 174, 287 A.2d 841 (1972).

We must now turn, as the lower court did, to the pertinent allegation of the complaint of the plaintiff:

> . . . 2. At an arraignment session of said Vermont District Court, held on January 7, 1975, at the Court Room in Brattleboro, Vermont, the defendant, before numerous persons and in the presence of the Court stenographer, Arlene J. Patterson, who was making an electronic recording of the words spoken at the session, falsely and recklessly said to and of the plaintiff: "I think you are a liar and I know you are. . . . If necessary I will supply the name to the prosecution who I think will prove you're a liar", which words imply the Plaintiff has committed perjury.
>
> 3. Later in said arraignment session, Defendant said of and to the Plaintiff the following words: "I did tell you on the telephone that I thought you were a liar. I thought so then and I think so now and I think it can be proved."

The complaint of the plaintiff makes clear that the words complained of were spoken by the defendant during an arraignment session of the District Court. It is not argued that an arraignment proceeding is not a judicial function. The plaintiff argues that the words spoken were not pertinent to the judicial proceedings. It is not patently obvious that the words were connected to the arraignment session. However, the plaintiff, in his complaint, did not assert that the words complained of did not fall within the cloak of judicial immunity.

As was said in *Mower v. Watson, supra,* 11 Vt. at 542, "[T]he plaintiff, in order to maintain this action, must prove, first, that the words spoken were not pertinent to the matter then in hand, and secondly, that they were not spoken *bona fide.*" *Torrey v. Field, supra,* 10 Vt. at 416–17; *Nizinski v. Currington,* 517 P.2d 754 (Alas. 1974); and 53 C.J.S. *Libel and Slander* § 182(b) also support this rule.

Viewing the complaint in the light most favorable to the plaintiff, we find no allegations that the words complained of were so irrelevant to the judicial proceedings in which they were spoken as to remove the protection of the judicial immunity of the defendant. Such allegations were an essential part of his complaint if he was to avoid dismissal of his action.

*Judgment affirmed.*