Thomas William SAWYER, Plaintiff,

v.

MICHIGAN STATE POLICE; Kyle Ann Hoskins; Amy Michaud; Cliff Edwards; Curtis Robertson; Michael R. Smith; Sandra Diane Miller; Christine Palmer; Robert Allen Fox, Jr.; Daniel B. Walentowski; individually, jointly and severally, Defendants.

No. Civ. 03–74062.

United States District Court, E.D. Michigan, Southern Division.

March 24, 2004.

Jarrod J. Flemming, Richard R. Rockwood, Vitale, Flemming, Mt. Clemens, MI, for Plaintiff.

Margaret A. Nelson, Michigan Department of Attorney General, Lansing, MI, Kenneth G. Galica, Livonia, MI, Joan E. Morgan, Sylvan Lake, MI, for Defendants.

## OPINION AND ORDER

FEIKENS, District Judge.

Plaintiff Sawyer sued defendant Miller for intentional infliction of emotional distress and defamation. The claims arise out of Ms. Miller's statements in the course of the investigation and trial of plaintiff Sawyer for her kidnapping and rape. Defendant moves for dismissal of the case against her on two grounds: defendant fails to state a claim on which relief can be granted and the statute of limitations has expired for both claims. For the reasons discussed below, defendant's motion is GRANTED.

## FACTUAL BACKGROUND

Defendant was the victim of kidnapping and rape, and both cooperated with the investigating police and testified at plaintiff's trial that she was sure plaintiff was the perpetrator. Plaintiff was convicted at the 1992 trial. He filed a habeas appeal, which the Sixth Circuit granted because the prosecution had withheld potentially exculpatory evidence, namely a DNA test indicating Sawyer was not the source of semen stains on Miller's underwear. *Sawyer v. Hofbauer,* 299 F.3d 605 (6th Cir. 2002).

## ANALYSIS

### Motion to Dismiss Standard

A party is entitled to a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief can be granted. A motion to dismiss may be granted under Fed.R.Civ.P. 12(b)(6), "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). In reviewing the motion, courts must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and

determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Ziegler v. IBP Hog Mkt., Inc.,* 249 F.3d 509, 512 (6th Cir.2001).

## I. Failure to State a Claim for Which Relief Can Be Granted

 Under Michigan law, witnesses are "wholly immune from liability for the consequences of their testimony or related evaluations." *Maiden v. Rozwood,* 461 Mich. 109, 597 N.W.2d 817 at 830 (1999). "Statements made during the course of judicial proceedings are absolutely privileged, provided they are relevant, material, or pertinent to the issue being tried. [Citations omitted.] Falsity or malice on the part of the witness does not abrogate the privilege. [Citation omitted]. The privilege should be liberally construed so that the participants in judicial proceedings are free to express themselves without fear of retaliation." [1] *Id.* Statements to the police regarding an investigation are considered statements made in the course of a judicial proceeding. *Flynn v. Boglarsky,* 164 Mich. 513, 129 N.W. 674 (1911).

The plaintiff's defamation and intentional infliction of emotional distress claims both rest on the effect of statements made in the course of a judicial proceeding. Therefore, defendant Miller has absolute immunity for those statements and plaintiff fails to state a claim upon which relief can be granted. Because both claims are barred as a matter of law, it is not necessary for me to reach the question of whether the statute of limitations would apply to block these claims.

**CONCLUSION**

Plaintiff fails to state a claim upon which relief can be granted, because it is well established under Michigan law that defendant Miller has absolute immunity for the statements at issue. Pursuant to Fed. R.Civ.P. 12(b)(6), therefore, I DISMISS all claims against defendant Miller.

**IT IS SO ORDERED.**

---

1. The rule that relevant, material, or pertinent statements made during a judicial proceeding are privileged even if false and made with malice is very well established in Michigan law. In 1902, the Michigan Supreme Court held: "If statements made in the course of judicial proceedings [...] are relevant, material, or pertinent to the issue, their falsity or the malice of their author is not open to inquiry. They are then absolutely privileged." *Hartung v. Shaw,* 130 Mich. 177, 89 N.W. 701 (1902), *cited approvingly by Sanders v. Leeson Air Conditioning Corp.,* 362 Mich. 692, 108 N.W.2d 761 (1961).