VERMONT SUPERIOR COURT
Windsor Unit
12 The Green
Woodstock VT  05091
802-457-2121
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 24-CV-03955



| Daniel Barbour v. ACTING JUDGE, JODI FRENCH |
| --- |

## ENTRY ORDER

Plaintiff Daniel Barbour has appealed the dismissal of his small claims court action.  The dismissal against which Mr. Barbour takes his appeal is dated September 19, 2024 and states that the dismissal is for lack of service on the Defendant as required under V.R.S.C.P. 3(b)(2)(E).

**Background**

Plaintiff filed the immediate action on July 17, 2024 seeking damages against Defendant for a decision that she rendered against Plaintiff in a separate small claims court matter.[1]

Under the Rules of Small Claims Court Procedure, the next step for a plaintiff after the complaint is filed is to serve the defendant with the complaint, summons, an information sheet, and a blank answer form through first class mail.  V.R.S.C.P. 3(b)(1).  The reason for this step is two-fold.  First, it is a necessary and preliminary step for a plaintiff to serve the complaint and summons on the defendant to provide notice and jurisdiction.  Without service, the case cannot begin, and the rules provide that a plaintiff only has a limited amount of time to complete this service.  The second reason, specific to mailing is to provide plaintiffs with an informal way to serve the other party.  Unlike civil court where a party must serve the other side through a deputy sheriff, the small claims rules permit service through the mail.

This ease of service, however, only works if the defendant files an answer or response.  The rules provide that if the defendant does not answer, then service has not occurred.  In such case, the rules requires plaintiff to take a second step and hire a deputy sheriff to effectuate service through formal process as outlined in Rule 4 of the Vermont Rules of Civil Procedure.  V.R.S.C.P. 3(b)(2).

---

[1] Although neither this Court, nor the small claims court has reached the substance of Plaintiff's claim, it is questionable whether such a claim could proceed against a judicial officer for rendering a decision against a party.  See *LaPlaca v. Lowery*, 134 Vt. 56, 57–58 (1975) ("Vermont law has included a doctrine of judicial immunity which applies to judges, attorneys, and witnesses, since [1838].").

The rules also provide strict timelines for these actions. A plaintiff must complete the first mailing within 7 days of receiving the summons from the court. V.R.S.C.P. 3(b)(1). If defendant has not answered the complaint within 30 days from the date that plaintiff mailed the packet of documents, then plaintiff has 30 more days to have defendant served through formal process of service. V.R.S.C.P. 3(b)(2). In either case, the rules contemplate a plaintiff completing service within approximately 60 days of filing the complaint. V.R.S.C.P. 3(b)(2)(C).

In this case, it does not appear that Plaintiff served Defendant through the U.S. Mail within seven days of receiving the summons from the court. Instead, he filed a motion on August 5, 2024 asking for more time from the Court to obtain a lawyer to help him as he did not have the Defendant's mailing address.

The small claims court interpreted this motion in two ways. First, the Court understood the motion to be a request for more time, and it granted Plaintiff until September 17, 2024 to complete service on Defendant. This date was 62 days after the original complaint was filed. Second, the Court also understood that Plaintiff wanted to skip the mailing process and go straight to the second step of formal service. The Court permitted Plaintiff to skip the mailing process of Rule 3(b)(1) and go straight to the formal service of process under Rule 3(b)(2).

By September 17, 2024, no service appears to have occurred, and Plaintiff had not filed a return of service with the Court. On September 19, 2024, two days after its deadline, the small claims court dismissed the complaint for lack of service and failure to comply with these requirements under V.R.S.C.P. 3(b) in a timely manner. The dismissal was pursuant to V.R.S.C.P. 3(b)(2)(E), which permits the Court to dismiss a complaint if it is not served within the deadlines set by the rules.

On appeal, Plaintiff does not dispute the small claims court ruling or the deadlines imposed by the Court. Instead, Plaintiff seeks additional time to serve Defendant. Plaintiff states that he has tried to serve the Defendant through mail and has sent letters to the Vermont Attorney General's Office. While Defendant does not work for the Vermont Attorney General, the Court understands that this was an effort by Plaintiff to send notice to the state entity that would likely represent Defendant if this case had progressed passed this initial stage.

**Standard of Review**

The scope of this Court's review on appeal is limited. An appeal from a small claims judgment is heard and decided "based on the record made in the small claims court." 12 V.S.A. § 5538. The "appeal is limited to questions of law." V.R.S.C.P. 10(d). If the small claims court has applied the correct law, this

court will affirm its "conclusions if they are reasonably supported by the findings." *Maciejko v. Lunenburg Fire Dist. No. 2*, 171 Vt. 542, 543 (2000) (mem.). In turn, the findings of fact must be supported by the evidence, *Brandon v. Richmond*, 144 Vt. 496, 498 (1984), and such findings "must be construed, where possible, to support the judgment," *Kopelman v. Schwag*, 145 Vt. 212, 214 (1984). The court's review of the small claims court's legal conclusions, however, is "non-deferential and plenary." *Maciejko*, 171 Vt. at 543 (quoting *N.A.S. Holdings, Inc. v. Pafundi*, 169 Vt. 437, 439 (1999)).

In this case, the small claims court was charged with applying Rule 3, which governs issues of service. The Rules require a plaintiff to act with due diligence in starting a case by starting the mailing process within 7 days of receiving the summons. That did not occur in this case. Initially, Plaintiff sought, and the Court granted him more time to serve Defendant.

During this additional time, Plaintiff, by his own representation, tried but was unable to serve Defendant. During this time, Plaintiff did not seek additional time or any further extensions from the Court.

Under V.R.S.C.P. 3(b)(2)(C), a Court, may upon the motion of a party may seek to extend the time for service. This request, however, must come before the deadline passes or the Court make a final ruling. If a party waits beyond such a deadline, then the standard shifts from a discretionary issue to one of excusable neglect where the party seeking the extension must show that the failure to request an earlier extension or meet the deadlines was due to a reason that was outside of the reasonable control of the party seeking the extension. *In re Town of Killington*, 2003 VT 87A, ¶ 16.

This is a very high standard that few parties will be able to meet, and in this case, there is no evidence that the reason for Plaintiff's delay is due to any issue beyond his control. By way of example, the Vermont Supreme Court has noted that a party's failure to remember the deadline, a breakdown in office procedure, a vacation, a temporary illness, or any inattention to detail are not sufficient grounds to re-open a matter. Id. at ¶ 17 (collecting cases). Essentially, a party must show that the reason for the delay was an unexpected and intervening effect. In this case, Plaintiff states that he was unable to locate or find Defendant's address, but this lack of knowledge does not constitute excusable neglect because it did not prevent him from seeking additional extensions from the Court.

Even if Plaintiff had made a timely request for an extension, nothing in Rule 3(b) requires the Court to grant an extension. The standard is discretionary, and the Court finds no abuse of discretion on the small claims court's behalf in its rulings. *Vermont Nt. Bank v. Clark*, 156 Vt. 143, 145 (1991). Under this standard, the Court's "longstanding rule on discretionary rulings by the trial court is that they will not

be disturbed unless an abuse of discretion is clearly shown. Abuse of discretion requires a showing that the trial court has withheld its discretion entirely or that it was exercised for clearly untenable reasons or to a clearly untenable extent." In this case, the small claims court granted one extension and was never asked to extend it further. Instead, the Court simply applied the deadline that it had imposed, which was, in turn, consistent with the timelines envisioned by Rule 3(b).

Part of the issue in this case arises from the struggle that Plaintiff has had with navigating the rules of small claims court procedure and completing service. While the Court understands that this is a real struggle, it cannot exempt Plaintiff from the rules of small claims court procedure or suspend them for his sake. *Zorn v. Smith*, 2011 VT 10, ¶ 22 (noting that "although pro se litigants receive some leeway from the courts, they are still bound by the ordinary rules of civil procedure.") (internal quotations omitted). Therefore, the rules must apply, and under them, Plaintiff has failed to provide timely service or to seek timely extensions of his deadlines.

## ORDER

Based on the foregoing, the Court **Affirms** the decision of the small claims court, and the present appeal is **Denied.** The final dismissal issued on September 19, 2024 remains, and the present appeal is closed.

Electronically signed on 1/31/2025 2:00 AM pursuant to V.R.E.F. 9(d)

Daniel Richardson
Superior Court Judge

Vermont Superior Court
Filed 01/31/25
Windsor Unit