Filed 01/29/25

VERMONT SUPERIOR COURT
Bennington Unit
207 South St
Bennington VT 05201
802-447-2700
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-05337

| Shawn Mateo v. David Barra |
| --- |

# DISMISSAL

Mr. Mateo has filed a civil Complaint against David Barra, who is the Presiding Judge of the Bennington Unit of the Civil Division of the Vermont Courts. The undersigned has been specially assigned to this case.

The Complaint was filed December 16, 2024, and a summons was issued by the court on December 18, 2024. At this time there is no proof of service on Defendant, and no answer has been filed.

Because the allegations against Defendant Barra relate to a case in which he has been involved as a judge, the first question is whether the case is barred from proceeding on the basis of Judicial Immunity.

This is a legal principle that has been in effect in Vermont since 1891:

A judicial officer, acting within his jurisdiction and in a judicial capacity, is not liable in a private action for his judicial acts. . . .The reason of this rule is well stated by Judge POWERS in his dissenting opinion in Vaughan v. Congdon, 56 Vt. 111, where he says: "Immunity from liability in favor of the judges rests upon the broad ground of public policy, which declares that a judge, for acts done by him in his judicial capacity, is absolutely privileged from action. It is an official privilege, which, though it covers a multitude of sins, is still absolutely essential to the due administration of justice. It is a privilege not primarily designed for the protection of the judge, but for the protection of the public, by making the judges free, independent, and fearless in the discharge of their duties. No judge could act independently if conscious that he was exposed to an action by every disappointed suitor in his court."

*Banister v. Wakeman*, 64 Vt. 203, 23 A. 585, 586–87 (1891).

The question is whether the acts Mr. Mateo describes in his Complaint were done as judicial acts within Judge Barra's judicial authority. *Placa v. Lowery*, 134 Vt. 56, 56–58, 349 A.2d 235, 236 (1975).

Mr. Mateo's Complaint states that he is suing David Barra because he did the following:

"Violated my constitutional rights my 7th Amendment in multilible [sic] cases
Shawn Mateo vs. Ricks Towing, Shawn Mateo vs. Pat Gray AKA ballinallee properties and denying me to put my evidence in 14th Amendment the due process clause"

Attached to the Complaint is a copy of an Order signed by Judge Barra in the case of Ballinallee Properties, LLC v. Shawn Mateo, Case No. 23-CV-05342 in which Judge Barra denied a motion filed by Mr. Mateo.

It is clear from this Complaint and attachment that Mr. Mateo has sued David Barra only over the decisions and legal rulings that Judge Barra has made in his role as the Judge in the Bennington Unit of the Vermont Court. There is no allegation of any conduct by Judge Barra other than acts he performed as a judge in cases in which Mr. Mateo was or is a party.

Under the doctrine of judicial immunity as described above, Judge Barra is immune from being sued for such conduct. Therefore, this lawsuit must be dismissed.

It is noted that Mr. Mateo has the right and opportunity of appeal to the Vermont Supreme Court to challenge legal rulings Judge Barra makes in individual cases. Any appeal must be done according to the Vermont Rules of Civil and Appellate Procedure. This dismissal does not take away those opportunities.

For the reason described above, this case is *dismissed.*

Electronically signed January 28, 2025 pursuant to V.R.E.F. 9 (d).

*Mary Miles Teachout*

Mary Miles Teachout
Superior Judge (Ret.), Specially Assigned