SANDERS v. LEESON AIR CONDITIONING CORPORATION.

1. LIBEL AND SLANDER—JUDICIAL PROCEEDINGS. ·

   Neither the falsity of relevant, material, or pertinent statements made in the course of judicial proceedings, in pleadings or in argument, nor the malice of their author is open to inquiry in an action for libel or slander.

2. SAME—JUDICIAL PROCEEDINGS—PRESUMPTIONS.

   It is presumed that statements made in the course of judicial proceedings, in pleadings or in argument, are pertinent and

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 33 Am Jur, Libel and Slander § 146.
[2, 3] 33 Am Jur, Libel and Slander §§ 146, 150, 254.
Relevancy of matter contained in pleading as affecting privilege within law of libel. 16 ALR 746, 42 ALR 878, and 134 ALR 483.
[4] 1 Am Jur, Abuse of Process § 34.

relevant, public policy according to participants in such proceedings liberal construction of such statements and relative freedom of participants to express themselves without fear of retaliation by way of action for libel or slander.

3. SAME—CONSPIRACY TO CONCEAL JUDGMENT DEBTOR'S ASSETS—PLEADING—RELEVANCY.

Statement in bill in aid of execution that named individuals, now plaintiffs in actions for libel, were "in fact committing a crime and should be restrained by this court from the carrying out of their conspiracy" which followed averments that the named individuals were in various ways making assets of the judgment debtor concealed and unavailable to the plaintiffs in suit by the judgment creditor, *held,* relevant and not libelous.

4. PROCESS—ABUSE OF PROCESS—PREMATURE ACTION.

Dismissal of second count of action against judgment creditor of 1 of the 3 plaintiffs in 3 separate actions on ground that such actions constituted an abuse of process, without prejudice to plaintiff to bring the action at some future date, on ground that such action was premature, *held,* proper, where final determination has not been had in litigation which had given rise to instant action.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted January 10, 1961. (Docket No. 51, Calendar No. 48,581.)    Decided April 26, 1961.

Case by Ida Sanders against Leeson Air Conditioning Corporation, a Michigan corporation, and Alma M. Woodle for libel and for malicious use of process, based on allegations made in bill in aid of execution to reach assets of Edward Sanders, judgment debtor. On motion to dismiss, plaintiff was denied leave to amend declaration, count for libel was dismissed with prejudice, and count for malicious use of process was dismissed without prejudice. Stipulation filed that if appeal were taken determination would be controlling in similar actions brought by Edward Sanders and Ruth M. Hagelberg in which like orders of dismissal were entered. Plaintiff appeals. Affirmed.

*Milton Roberts,* for plaintiff.

*Shapero & Shapero,* for defendants.

KELLY, J.   Initially 3 suits were commenced: 1 by plaintiff Edward Sanders, based on libel; 2 others by plaintiffs Ida Sanders and Ruth M. Hagelberg, based both on libel and malicious use of process and abuse of process.   By stipulation it was agreed that an appeal in the Ida Sanders case would be determinative of the issues.

Defendants filed motion to dismiss, which was granted by the lower court.   Plaintiffs' motions for rehearing and for leave to amend declaration were denied by the lower court.

The facts giving rise to the instant case are as follows:   Defendants obtained judgment against Edward Sanders only, and when execution was returned unsatisfied, defendants filed bill of complaint to enforce judgment alleging that plaintiffs (Edward Sanders, Ida Sanders, and Ruth M. Hagelberg) had conspired together to defeat defendants in the collection of the judgment by concealing assets of Edward Sanders and thus making such assets unavailable to defendants.

The bill of complaint alleged that assets were concealed in a joint safe deposit box held by Edward Sanders and Ida Sanders in the National Bank of Detroit and that funds standing in the Detroit Bank and Trust Company account were in the name of "Sanders Investment Company, Edward Sanders and Ruth M. Hagelberg."

The bill of complaint made the following statement upon which plaintiff bases the libel action:

"That the said Edward Sanders, Ida Sanders, and R. M. Hagelberg are in fact committing a crime and should be restrained by this court from the carrying out of their conspiracy."

Plaintiff contends the allegations in the bill of complaint accusing her of committing a crime were not pertinent to the issue and, therefore, libelous. Defendants contend the allegations contained in a judicial pleading are privileged.

In dismissing the libel action with prejudice, Hon. Horace W. Gilmore, circuit judge for Wayne county, stated:

"Plaintiffs recognize the general rule according privilege to judicial pleadings and proceedings, but state that the defamatory statements were utterly without purpose other than to ridicule the plaintiffs, were totally irrelevant to the issue, and thus actionable. Defendant cites numerous authorities which have been considered by the court.

"The general rule in Michigan seems to have been stated succinctly and well in *Hartung* v. *Shaw,* 130 Mich 177. There the Court said, *inter alia* (pp 179, 180):

" 'If statements made in the course of judicial proceedings, in pleadings or in argument, are relevant, material, or pertinent to the issue, their falsity or the malice of their author is not open to inquiry. They are then absolutely privileged.  *  *  *  It is only necessary that the language be pertinent, or, as some authors say, relevant.

" 'In determining what is pertinent, much latitude must be allowed to the judgment and discretion of those who are intrusted with the conduct of a cause in court, and a much larger allowance made for the ardent and excited feelings with which a party, or counsel, who naturally and almost necessarily identifies himself with his client, may become animated.'
*  *  *

"It has further been held as a matter of public policy that the privilege in this instance should be liberally construed so that participants in judicial proceedings may have relative freedom to express themselves without fear of retaliation. Such policy in the opinion of the court makes good sense and a

presumption in favor of the relevancy of the statement arises.

"In the light of this presumption, we consider the question of whether the language, 'that the said Edward Sanders, Ida Sanders, and R. M. Hagelberg are in fact committing a crime,' is relevant, material, or pertinent to the issue."

We agree with the trial court, and hold that no reversible error was committed by dismissing the libel action with prejudice.

The lower court dismissed the second count of plaintiff's declaration without prejudice to plaintiff to bring the action at some future date, and stated:

"The court feels that the action for abuse of process has been prematurely brought. There may be, in the future, and the court specifically does not pass upon this, such an action, but until such time as the entire cause is heard on its merits and all parties have had an opportunity to present everything they have to present, no court can be in a position to pass upon this very intricate and difficult question. Certainly at this stage of the proceedings the mere dismissal of the *ex parte* injunction is not in and of itself sufficient disposition of the merits of the litigation to determine that plaintiffs are entitled to the relief they seek. Their action is premature."

We agree with the court's decision in regard to the second count of plaintiff's declaration.

Affirmed. Costs to appellees.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.