BENNETT v ATTORNEY GENERAL

1. JUDGMENT—DEFAULT—SETTING ASIDE DEFAULT—DISCRETION—
   COURT RULES.

   The setting aside of a default is discretionary with the trial judge,
   upon good cause shown (GCR 1963, 520.4).

2. STATES—IMMUNITY—TORTS.

   The sovereign immunity of the state from tort liability will
   obtain unless there is an express statutory waiver thereof.

3. PLEADING—STATEMENTS—PRIVILEGE.

   The absolute judicial privilege attaches to pleadings filed in any
   lawsuit, if relevant to the issues of the case.

4. LIBEL AND SLANDER—MALICE—ABSOLUTE PRIVILEGE.

   Falsity or malice in a communication will not defeat an absolute
   privilege as long as the communication is within the scope of
   the privilege.

Appeal from the Court of Claims, William J.
Weipert, Jr., J. Submitted April 11, 1975, at Lansing. (Docket No. 21462.) Decided October 16, 1975.

Complaint in the Court of Claims by William L.
Bennett against the Attorney General for defamation, abuse of process, and malicious prosecution.
Summary judgment for defendant. Plaintiff appeals. Affirmed.

William L. Bennett, in *propria persona.*

*Frank J. Kelley,* Attorney General, and *J. Ron-*

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Judgments § 1158.
[2] 72 Am Jur 2d, States, Territories, and Dependencies § 119.
[3] 61 Am Jur 2d, Pleading § 50.
[4] 50 Am Jur 2d, Libel and Slander §§ 192–194.

*ald Kaplansky,* Assistant Attorney General, for defendant.

Before: V. J. BRENNAN, P. J., and D. E. HOL-BROOK and M. F. CAVANAGH, JJ.

PER CURIAM. Plaintiff, William L.. Bennett, brought this action in the Court of Claims against defendant, the Attorney General of the State of Michigan, for defamation, abuse of process, and malicious prosecution. Defendant did not file an answer to plaintiff's complaint, presumably because service of process was not effected in a manner which conformed to the requirements of MCLA 600.6410(3); MSA 27A.6410(3). On March 26, 1974, plaintiff filed a default of the defendant. Two days later, on March 28, 1974, a motion to strike the entry of default was filed by the Attorney General. Before a hearing was held on this motion, defendant filed a motion for accelerated judgment under GCR 1963, 116.1(1) and (2) and Court of Claims rule 4 or, in the alternative, for summary judgment under GCR 1963, 117.2(1). Plaintiff thereupon filed a motion for entry of a default judgment and an answer to the motion to dismiss arguing that the motion to dismiss was premature because the default had not been set aside, and the defendant had not specified a meritorious defense in the motion to strike the default, that actual service had been made and that, even if service was effected improperly, it was good under GCR 1963, 105.8. After hearings were held on the above motions, the trial judge set aside the default for lack of personal service and granted summary judgment in favor of defendant under GCR 1963, 117.2(1) for failure to state a claim upon which relief could be granted. It is from this decision that plaintiff now appeals.

Plaintiff first claims that the trial judge erred in setting aside the default. We disagree. The setting aside of a default is discretionary with the trial judge, upon good cause shown. GCR 1963, 520.4. In the case at bar defendant was not properly served. While it may be true that this was done through no fault of plaintiff's, who was representing himself and relied upon the advice given him by an employee of the Court of Claims, it is clear that this should not serve to the detriment of either plaintiff or defendant. The trial judge, by setting aside the entry of default and considering defendant's motion for accelerated or summary judgment, placed the parties in exactly the same position they would have been in had service been properly effected. There was no abuse of discretion.

Plaintiff next contends that the trial judge erred in granting defendant's motion for summary judgment. The trial judge granted defendant's motion in this regard because he found that plaintiff had failed to state a claim upon which relief could be granted. GCR 1963, 117.2(1). Since GCR 1963, 117.2(1) tests the legal sufficiency of the pleadings, we must assume that all the allegations of plaintiff are true in deciding whether plaintiff states a claim upon which relief can be granted.

Plaintiff relies on *Maki v City of East Tawas,* 385 Mich 151; 188 NW2d 593 (1971), for the proposition that governmental immunity established by MCLA 691.1407; MSA 3.996(107) is invalid, and that consequently the Attorney General is not immune.[1] Plaintiff apparently assumes that immu-

---

[1] *Maki* held that MCLA 691.1407; MSA 3.996(107) was invalid as exceeding the scope of its title. This infirmity was cured by 1970 PA 155, § 1, Imd Eff Aug 1. Since plaintiff's action arose after Aug 1, 1970, statutory immunity, as well as common law immunity, would apply. For purposes of this appeal, however, we choose not to rely on statutory immunity.

nity is created by statute, and that when such a statute is held to be invalid, no immunity can be said to exist. The law is too well settled to require discussion, however, that the sovereign immunity of the state will obtain unless there is an express statutory waiver thereof. *Van Antwerp v State,* 334 Mich 593; 55 NW2d 108 (1952), *McNair v State,* 305 Mich 181; 9 NW2d 52 (1943), *Mead v State,* 303 Mich 168; 5 NW2d 740 (1942). The statute in question, MCLA 691.1407; MSA 3.996(107), sought merely to codify the common law, and by its terms disclaimed any construction which would modify or restrict the immunity of the state from tort liability as it had existed theretofore. See *MacGriff v Van Antwerp,* 327 Mich 200; 41 NW2d 524 (1950), *Mundy v McDonald,* 216 Mich 444; 185 NW 877 (1921).

Plaintiff alleges that he was defamed by defendant. In response to this allegation the Attorney General may invoke governmental immunity as discussed *supra,* and, in addition thereto, he may invoke judicial privilege, either of which would constitute an absolute defense. The absolute judicial privilege attaches to pleadings filed in any lawsuit, if relevant to the issues of the case. *Sanders v Leeson Air Conditioning Corp,* 362 Mich 692; 108 NW2d 761 (1961). As long as a communication is within the scope of an absolute privilege, falsity or malice will not defeat it. See *Harrison v Arrow Metal Products Corp,* 20 Mich App 590, 610; 174 NW2d 875, 884–885 (1969), and cases cited therein.

Affirmed. No costs.