## RAY v CITY OF DETROIT

1. MUNICIPAL CORPORATIONS—PRINCIPAL AND AGENT—EMPLOYERS AND EMPLOYEES—DAMAGES—EXEMPLARY DAMAGES—TORTS.

   A municipal corporation can be held liable for exemplary damages awarded for injuries sustained as the result of the intentional tortious conduct of its employee.

2. DAMAGES—EXEMPLARY DAMAGES—NATURE OF EXEMPLARY DAMAGES.

   Only exemplary damages which are compensatory in nature are allowable in this state; they are never allowed for the purpose of punishing or making an example of a defendant.

3. DAMAGES—EXEMPLARY DAMAGES—ACTUAL DAMAGES—INJURIES.

   Exemplary damages are in effect another item of actual damages recoverable only for injury actually sustained by a party, however, such damages are for injury to the feelings and for the sense of indignity and humiliation resulting from injury maliciously and wantonly inflicted rather than injury which is physical in nature.

4. MUNICIPAL CORPORATIONS—PRINCIPAL AND AGENT—EMPLOYERS AND EMPLOYEES—RESPONDEAT SUPERIOR—DAMAGES—EXEMPLARY DAMAGES—TORTS.

   In light of the nature of exemplary damages allowable in this state a municipal corporation although not itself guilty of any malice or recklessness may be held liable, under the doctrine of *respondeat superior,* for exemplary damages caused by the tortious conduct of its employee.

5. PRINCIPAL AND AGENT—CORPORATIONS—EMPLOYERS AND EMPLOYEES—RESPONDEAT SUPERIOR—TORTS.

   A corporation is liable in law for the actionable torts of its employee under the doctrine of *respondeat superior.*

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 850.
[2, 3] 22 Am Jur 2d, Damages §§ 236, 237.
[5] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 289.

Appeal from Wayne, Horace W. Gilmore, J. Submitted October 8, 1975, at Lansing. (Docket No. 23596.) Decided March 9, 1976. Leave to appeal denied, 397 Mich —.

Complaint by Sharon Ray against City of Detroit, Department of Street Railways, and Claude Ballard, jointly and severally, for damages sustained as a result of an assault and battery of plaintiff by the defendant bus driver. Judgment for plaintiff. Defendant City of Detroit appeals. Affirmed.

*Merrill, Tatham & Rosati,* for plaintiff.

*Kermit G. Bailer,* Corporation Counsel, and *Douglas Stenzel,* for defendant City of Detroit.

Before: QUINN, P. J., and D. E. HOLBROOK and D. F. WALSH, JJ.

M. F. WALSH, J. This is an appeal from a judgment of the Wayne County Circuit Court in favor of the plaintiff. The case arose from the September 9, 1970, assault and battery of the plaintiff by the defendant bus driver in the City of Detroit. At the conclusion of the trial the judge, sitting without a jury, found that the plaintiff had incurred certain "out of pocket" expenses as a result of defendant's tortious conduct and that she was entitled to "permanent residual" damages, due to long-term effects associated with the dental caps placed on her teeth and that she should recover damages for "pain and suffering" inasmuch as the plaintiff underwent root canal oral surgery. These damages were characterized by the judge as "actual damages" and he awarded $5,000 therefor. In addition $2,500 was given to the plaintiff as "exemplary damages for humiliation, sense of outrage and

indignity resulting from this action". The defendants were held jointly and severally liable; the City of Detroit, Department of Street Railways, appeals as of right only from the award of exemplary damages. Liability is admitted.

The issue before this court is whether a municipal corporation can be held liable for exemplary damages awarded for injuries sustained as the result of the intentional tortious conduct of its employee. Essential to our resolution of this issue is an understanding of the nature of exemplary damages under Michigan law.

The terms "exemplary" damages, "punitive" damages and "vindictive" damages have frequently been confused or used interchangeably. However, in Michigan only exemplary damages which are compensatory in nature are allowable. They are recoverable for injury to feelings and for the sense of indignity and humiliation resulting from injury maliciously and wantonly inflicted. Recovery is restricted to the party who has received the physical injury. They are never allowed, however, for the purpose of punishing or making an example of a defendant. *Smith v Jones,* 382 Mich 176; 169 NW2d 308 (1969) (concurring opinion of Justice ADAMS), *Ross v Leggett,* 61 Mich 445; 28 NW 695 (1886), *McFadden v Tate,* 350 Mich 84; 85 NW2d 181 (1957), *Detroit Daily Post Co v McArthur,* 16 Mich 447 (1868), *Hyatt v Adams,* 16 Mich 180 (1867).

Although in many cases Michigan courts have attempted to distinguish between "actual" damages and "exemplary" damages (see for example, *Ross v Leggett, supra),* it seems obvious that since exemplary damages must be compensatory in nature, and not punitive, they are in effect but another item of "actual" damage. As stated above

they are not awarded by way of example although they may be called exemplary. They are not awarded by way of punishment although they may be called punitive. They are recoverable only for injury *actually* sustained by a party although that injury is to the feelings rather than physical in nature. In the early case of *Welch v Ware,* 32 Mich 77 (1875), the Court said:

"When the law gives an action for willful wrongs, it does it on the ground that the injured person ought to receive pecuniary amends from the wrong-doer. It assumes that every such wrong brings damage upon the sufferer, and that the principal damage is mental, and not physical. And it assumes further that this is *actual,* and not metaphysical damage, and deserves compensation." (Emphasis added.)

And in *Scripps v Reilly,* 38 Mich 10 (1878), the court set forth a summary of rules relating to damages which included the following:

"5. Where, however, the elements exist in a case, entitling a party to recover damages for injured feelings, the amount to be allowed for shame, mental anxiety, insulted honor, and suffering and indignation consequent on the wrong, may be increased or aggravated by the vindictive feelings, or the degree of malice, recklessness, gross carelessness or negligence of the defendant, as the injury is much more serious where these elements, or either of them, are shown to have existed.

"6. This increase of damages dependent upon the conduct of the defendant *must be considered in this State as actual damages,* although usually spoken of as exemplary, vindictive or punitory * * * ." (Emphasis added.)

Defendant argues that since the municipal corporation is not itself guilty of any malice or reck-

lessness it should not be liable for exemplary damages. In light of the nature of exemplary damages allowable in this state defendant's argument is unpersuasive.

Under the doctrine of *respondeat superior* a corporation is liable for the actionable torts of its employee. If the cause of the injury is the negligence of the employee, it matters not that the corporate employer is free from negligence. The corporation must still respond in damages which compensate the injured party for the injury received. What principle of logic, then, compels us to the conclusion that the rule should be different when part of the injury suffered results from the maliciousness or recklessness of the employee? The corporation is no more responsible *in fact* for the negligence of its employee than it is for his maliciousness or recklessness. Why should it be held responsible *in law* for one and not the other. If it must respond in damages at all, these damages should fully compensate the victim for any injury actually suffered.

As the court stated in *Lucas v The Michigan Central R Co,* 98 Mich 1; 56 NW 1039 (1893):

"It is urged that the defendant is not liable in exemplary damages for the oppressive or reckless conduct of the conductor, and *Railway Company v Prentice,* 147 US 101 [135 S Ct 261; 37 L Ed 97 (1893)] is relied upon. In that case the act was wholly without the line or scope of the conductor's authority, and the court expressly recognized the rule that, if any wantonness or mischief on the part of an agent acting within the scope of his employment causes additional injury to the plaintiff in body or mind, the principal is liable to make compensation for the whole injury suffered, and a number of cases are cited in support of the doctrine."

We recognize that logic might dictate a different

result if the damages assessed were truly punitive or exemplary in nature, that is if they were assessed for the purpose of punishing or making an example of the tortfeasor because of the malice or recklessness with which he acted. In such a case the rationale underlying the assessment of damages which go beyond compensation of the injured party probably would not apply to the innocent principal. The principal, in this case the municipal corporation, is only liable by virtue of *respondeat superior* and is not guilty of maliciousness or recklessness. There is no reason, therefore, to make an example of it nor justification for punishing it. Many of the cases cited by the appellant involve damages which are truly punitive in nature rather than compensatory. These cases are not relevant here.

In this case the trial judge made it abundantly clear that the "exemplary" damages being awarded were part of the *compensation* due the plaintiff for the injury she suffered. In its opinion the court said:

> "Now, that leaves us with a question of whether she is entitled to *additional compensation* in terms of exemplary damages for humiliation, sense of outrage and indignity resulting from this action." (Emphasis added.)

We find that the award of the trial judge was entirely proper. The "exemplary" damages were compensatory in nature and constituted an appropriate enlargement of actual damages. They were not punitive nor were they given for the purpose of making an example of the defendant. Furthermore, there was no separation of damages, as appellant contends, except for the purpose of making an explicit statement on the record as to the items of damage included in the award. We see no

reason why the municipal corporation, if found to be liable to the plaintiff, should be excused from compensating her for the injury to her feelings and for the sense of indignity and outrage when these are part of the totality of the injury she actually suffered.

Affirmed. Costs to appellee.