NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0612n.06

Case Nos. 14-1954/2014

FILED
Aug 31, 2015
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| RO'KRISTIAN BROADNAX-HILL, | ) | |
| | ) | |
| Plaintiff-Appellee/Cross-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| DEPUTY HOSINGTON, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant/Cross-Appellee. | ) | **OPINION** |
| | ) | |
| | ) | |

BEFORE: BOGGS and MOORE, Circuit Judges, and REEVES, District Judge.[*]

**DANNY C. REEVES, District Judge.** This civil action involves an altercation between an Oakland County, Michigan deputy sheriff and an individual who was acquitted of criminal charges just hours before the altercation occurred. The matter proceeded to trial, resulting in a jury verdict that did not satisfy either party. As a result, both parties appealed following entry of a final judgment by the district court.

Because we conclude that the district court erred in allowing punitive damages for the plaintiff's battery claim under Michigan law, we **REVERSE** that portion of the judgment. However, we **AFFIRM** the remainder of the judgment.

---

[*]The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

**I.**

From April 4, 2009, through August 17, 2009, Plaintiff Ro'Kristian Broadnax-Hill was confined in the Oakland County Jail in Michigan, awaiting trial on criminal charges. On August 17, 2009, he was acquitted by a jury of all charges against him. [R. 138, Page ID # 2025] However, Hill was not immediately released from custody. Instead, he was taken back to the county jail for further processing.

Hill was placed in an attorney booth and instructed to wait until Defendant Deputy Sheriff Hosington[1] completed other work. [R. 137, Page ID # 1868] Obviously anxious to be released from custody following the jury's decision, Hill began pounding on the door and demanding immediate action. [R. 137, Page ID # 1871] When Hosington opened the booth to speak with Hill, Hill attempted to leave and then blocked the doorway so that it could not be closed. [R. 137, Page ID 1906–09] A scuffle ensued as a result of this interaction. [R. 137, Page ID # 1909–10] Hosington testified at trial that he used a take-down maneuver to take Hill to the floor. Hill then, according to Hosington, allegedly grabbed Hosington's leg, refusing to let go. In response, Hosington struck Hill on the side of the head. [R. 137, Page ID # 1912–13, 1927] According to Hill, Hosington continued to punch him in the face in an attempt to free Hosington's leg from Hill's grasp. [R. 138, Page ID # 2043–44] Eventually, other officers freed Hosington's leg and placed Hill in handcuffs. Finally, as the handcuffed Hill was being escorted out of the attorney booth, Hosington delivered another kick, claiming that Hill was charging him. [R. 137, Page ID # 1929–30, 2002–04]

---

[1]Defendant Hosington is identified in the trial transcript as "Eric David Hoisington." [R. 137, Page ID # 1863] However, it appears that the correct spelling of his name is "Hosington."

Hill commenced this civil action against Hosington and Oakland County, Michigan, asserting a battery claim under Michigan law and an excessive-force claim under 42 U.S.C. § 1983. [R. 1] Oakland County was dismissed from the case via a motion for summary judgment and the case proceeded to trial against Hosington on these claims. After the court instructed the jury and submitted the case to them, the parties met with the district court in chambers to discuss the form that had been submitted for the jury's use in returning its verdict. During this meeting, the attorneys advised the court of the potential for the jury to be misled. Specifically, Hosington noted that the verdict form allowed the jury to award punitive damages independent of a finding of excessive force. Because both parties agreed that punitive damages were not available for the battery claim under Michigan law but were available for a valid § 1983 claim, the parties agreed that regardless of the jury's ultimate finding, punitive damages would not be included in the judgment without a finding of excessive force. [R. 124-1, Page ID # 1511–12; R. 134, Page ID # 1622–24]

Following deliberations, the jury found Hosington liable for battery under Michigan law but also concluded that he had not used excessive force under § 1983. [R. 134, Page ID # 1619–20] However, based on the verdict form provided by the court, the jury awarded $5,000 in compensatory damages and $37,500 in punitive damages, resulting in the problematic outcome anticipated by the parties in chambers during the jury's deliberations. [R. 112, Page ID # 1346–47] Pursuant to the parties' agreement, Hill submitted a proposed judgment that did not include the punitive-damages award. [R. 114-1, Page ID # 1373–74] He also filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, arguing that the jury's failure to find excessive force resulted in an inconsistent jury verdict. [R. 122, Page ID # 1471–86]

The district court denied Hill's motion as moot and entered judgment on the verdict. [R. 126, Page ID # 1533–34] However, in the final judgment, the district court concluded that under Michigan law the plaintiff could recover both compensatory and exemplary damages for the battery claim. According to the district court, the "punitive" damages award was actually an award of exemplary damages. [R. 126, Page ID # 1530–32] As a result, the court determined that the jury's verdict was consistent. Both parties timely appealed. [R. 127; 131]

**II.**

Under Rule 50(b) of the Federal Rules of Civil Procedure, a motion for judgment as a matter of law should be granted "only if reasonable minds could not come to a conclusion other than one favoring the movant." *Tisdale v. Fed. Express Corp.*, 415 F.3d 516, 531 (6th Cir. 2005) (quoting *Williams v. Nashville Network*, 132 F.3d 1123, 1131 (6th Cir. 1997)). This court reviews *de novo* a district court's determination under this Rule.

In contrast, this court reviews the denial of a party's motion for a new trial brought pursuant to Rule 59 of the Federal Rules of Civil Procedure for an abuse of discretion. *See Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 132–33 (6th Cir. 1990). "An abuse of discretion occurs when the district court relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard." *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 405 (6th Cir. 2006). A court "may grant a new trial under Rule 59 if the verdict is against the weight of the evidence, if the damages award is excessive, or if the trial was influenced by prejudice or bias, or otherwise unfair to the moving party." *Rush v. Ill. Cent. R.R. Co.*, 399 F.3d 705, 727 (6th Cir. 2005) (quoting *Conte v. Gen. Housewares Corp.*, 215 F.3d 628, 637 (6th Cir. 2000)).

### III.

### A.     Punitive Damages

Hosington challenges the district court's judgment awarding punitive damages.  He contends that the parties' stipulation that punitive damages would not be awarded absent a finding of excessive force is controlling.  Hosington also argues that the district court's entry of judgment was improper because punitive damages are not available for battery claims under Michigan law.

As a threshold matter, we note that the district court was not bound by the parties' stipulations regarding questions of law.  *See Neuens v. City of Columbus*, 303 F.3d 667, 670 (6th Cir. 2002) ("Issues of law are the province of courts, not of parties to a lawsuit, individuals whose legal conclusions may be tainted by self-interest." (internal quotation marks omitted)).  Thus, the parties' in-chambers agreement that Michigan law does not allow punitive damages for battery claims would not have bound the district court if their stipulation had been erroneous.

In entering judgment on the jury's verdict, the district court found that the elements of exemplary damages were necessarily met, based on the punitive-damages instruction given to the jury.  [R. 126]  However, the jury instructions used the term "punitive" damages, and there is a distinction between punitive and exemplary damages under Michigan law.  As the Michigan Supreme Court has explained:

> In Michigan, exemplary damages are recoverable as compensation to the plaintiff, not as punishment of the defendant.  Our review of the precedent indicates that those cases which permit recovery of exemplary damages as an element of damages involve tortious conduct on the part of the defendant.  An award of exemplary damages is considered proper if it compensates a plaintiff for the "humiliation, sense of outrage, and indignity" resulting from injuries "maliciously, wilfully [sic] and wantonly" inflicted by the defendant.  The theory of these cases is that the reprehensibility of the defendant's conduct both intensifies the injury and justifies the award of exemplary damages as compensation for the harm done the plaintiff's feelings.

*Kewin v. Mass. Mut. Life Ins. Co.*, 295 N.W.2d 50, 55 (Mich. 1980) (citations omitted). Therefore, exemplary damages "are defined under Michigan law as compensatory damages." *El-Seblani v. IndyMac Mortg. Servs.*, 510 F. App'x 425, 431 (6th Cir. 2013). As such, they "are never allowed . . . for the purpose of punishing or making an example of a defendant." *Jackovich v. Gen. Adjustment Bureau, Inc.*, 326 N.W.2d 458, 464 (Mich. Ct. App. 1982) (quoting *Ray v. City of Detroit*, 242 N.W.2d 494, 495 (Mich. Ct. App. 1976)).

By contrast, punitive damages are imposed to punish a tortfeasor's misconduct and are not recoverable under Michigan law in the absence of a statutory provision providing for them. *Rafferty v. Markovitz*, 602 N.W.2d 367, 369–70 (Mich. 1999). The Michigan legislature has expressly authorized punitive damages for a number of torts, but has not done so for battery claims. *See Janda v. City of Detroit*, 437 N.W.2d 326, 331 (Mich. Ct. App. 1989) (recognizing compensatory damages but not punitive damages on assault and battery claim). Thus, in Michigan, punitive damages are not recoverable for common-law battery claims.

Here, the trial court impermissibly treated the terms "exemplary" and "punitive" damages interchangeably. It did not explicitly instruct the jury regarding exemplary damages (and Hill did not request such an instruction), and no exemplary-damages line appears on the verdict form. [R. 112] Instead, the jury instructions and the verdict form addressed only an award of punitive damages. The instruction on this issue provided:

> If you find that the Defendant is liable for the Plaintiff's injuries, you must award the Plaintiff the compensatory damages that he has proven. You also may award punitive damages if the Plaintiff has proved that the Defendant acted with malice or willfulness or with callous and reckless indifference to the safety or rights of others. One acts wilfully [sic] or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition. They are awarded to punish a Defendant for outrageous conduct and to detour [sic] the Defendant and others from engaging in similar conduct in the future.

> If you determine that the Defendant's conduct was so shocking and offensive to justify an award of punitive damages, you may exercise your discretion to award those damages. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a Defendant for shocking conduct, and to deter the Defendant and others from engaging in similar conduct in the future. The law does not require you to award punitive damages. However, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed the Plaintiff has been made whole by compensatory damages. So, punitive damages should be awarded only if the Defendant's misconduct, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence. You may consider the financial resources of the Defendant in fixing the amount of punitive damages.

[R. 139, Page ID # 2352–53] The plain language of the instruction specifically allows the jury to award damages to punish the defendant. But as noted above, "[p]unitive damages, which are designed to punish a party for misconduct, are generally not recoverable in Michigan," *Casey v. Auto Owners Ins. Co.*, 729 N.W.2d 277, 286 (Mich. Ct. App. 2006), and exemplary damages are not permissible for the purpose of punishment. *Jackovich*, 326 N.W.2d at 464.

Under Michigan law, exemplary damages would include items such as mental distress and humiliation, which are intangible and incapable of exact pecuniary measure. They are a form of compensatory damages. The jury's award in this case of $5,000 as compensatory damages for battery would have presumably included exemplary damages. *Hayes-Albion v. Kuberski*, 364 N.W.2d 609, 617 (Mich. 1984); *Veselenak v. Smith*, 327 N.W.2d 261, 265 (Mich. 1982).

Because the jury's award may not be properly construed to include a separate award of exemplary damages, and because punitive damages are not permitted on battery claims under Michigan law, the district court erred in including an award of $37,500 in the final judgment entered in the case. We therefore will reverse that portion of the judgment.

#### B.     Inconsistent Verdict

Hill argues that the jury's award of punitive damages necessarily resulted in an inconsistent verdict.  He contends that the jury could not have found that Hosington committed a battery and awarded punitive damages without also concluding that Hosington used excessive force.  Stated differently, Hill does not suggest that the jury *instructions* led to the inconsistent verdict.  Instead, he urges the court to find that the jury failed to apply its findings uniformly to each cause of action.

In addressing this issue, this court must first determine whether the alleged inconsistent jury verdicts may be reconciled.  *See Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364 (1962) ("Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way."); *Morales v. Am. Honda Motor Co., Inc.*, 151 F.3d 500, 509 (6th Cir. 1998).  While Hill is correct that a § 1983 excessive-force claim and a battery claim overlap in the context of an arrest, they are not identical.  Neither the elements of a state-law battery claim nor the requirements for a punitive-damages award require a finding of excessive force.

In returning a verdict against Hosington on the battery claim, the jury necessarily found that the "Defendant wilfully [sic] and intentionally touched the Plaintiff against the Plaintiff's will."  [R. 139, Page ID # 2350–51]  Regarding punitive damages, the jury was instructed:

> You also may award punitive damages if the Plaintiff has proved that the Defendant acted with malice or willfulness or with callous and reckless indifference to the safety or rights of others.  One acts wilfully [sic] or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.

[R. 139, Page ID # 2352–53]  The jury was further instructed that it could exercise its discretion to award punitive damages if it "determine[d] that the Defendant's conduct was so shocking and

offensive to justify" such an award. [R. 139, Page ID # 2353] It was not required to find that excessive force was used during the altercation.

Excessive-force claims under 42 U.S.C. § 1983 are analyzed under the Fourth Amendment and its reasonableness standard. In determining whether Hosington used excessive force, the jury was instructed to consider: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. [R. 139, Page ID # 2349] The district court explained to the jury that "[i]njuries which result from, for example, an officer's use of force to overcome resistance to an incident do not involve constitutionally protected interests. An officer's use of excessive force does not give constitutional protection against injuries that would have occurred absent the excessive force." [R. 139, Page ID # 2349] The jury also received the following instructions regarding the reasonableness of the force used:

> The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with hindsight. The nature of reasonableness must allow for the fact that police officers are often forced to make split second judgments; under circumstances that are tense, uncertain, and rapidly evolving, about the amount of force that is necessary in a particular situation.

> The reasonableness inquiry is an objective one. The question is whether the Defendant's actions were objectively reasonable in light of the facts and circumstances confronting him without regard for his underlying intent or motivations.

> If you find that Defendant's actions were objectively reasonable, you should find for the Defendant. If you find that Defendant's actions were objectively unreasonable, you should find for the Plaintiff.

[R. 139, Page ID # 2350]

Under the instructions given, it would be possible for a jury to determine that Hosington committed a battery against Hill and also used excessive force in violation of § 1983 in the course of committing the battery. However, that is not the *only* conclusion the jury could have drawn from the facts presented As the Supreme Court has noted, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (citation and internal quotation marks omitted). Thus, a plain reading of the instructions does not support Hill's argument that the jury necessarily should have found that Hosington used excessive force. *See Atl. & Gulf Stevedores*, 369 U.S. at 364.

No part of the jury instructions regarding battery or punitive damages prevented the jury from finding against the plaintiff on his excessive-force claim. It was possible for a jury to conclude that the defendant officer's unjustified use of force constituted a battery (and could result in an award of punitive damages if such damages had been allowed under Michigan law), but also conclude that his actions did not constitute *excessive* force in violation of Hill's constitutionally protected rights. In short, the jury could logically find that Hosington's battery, while willful and not justified in carrying out his duties, was not excessively forceful under the facts presented. Because this view of the case results in a consistent jury verdict, Hill's argument on this point fails.

## IV.

We **REVERSE** the portion of the district court's judgment awarding punitive damages to the plaintiff and **AFFIRM** the district court's conclusion that the jury verdicts were not inconsistent for the reasons set out above. This case is **REMANDED** for entry of judgment in

accordance with this opinion, resulting in a total award of compensatory damages to Hill of $5,000.