# STATE OF MICHIGAN

# COURT OF APPEALS

---

MATTHEW S. DEPERNO and DEPERNO LAW
OFFICE, PLLC,

        Plaintiffs-Appellants,

v

ALBERT W. LAAKSONEN II, SUSAN DURIAN
METZGER, and LAAKSONEN LAW OFFICES,
PC,

        Defendants-Appellees.

UNPUBLISHED
December 1, 2016


No.   328739
Kalamazoo Circuit Court
LC No.   2015-000175-CZ

---

Before:  SAWYER, P.J., and MARKEY and O'BRIEN, JJ.

PER CURIAM.

Plaintiffs appeal as of right the circuit court's orders granting defendants' motion to set aside defaults, granting defendants' motion for summary disposition, and denying plaintiffs' motion to strike documents from the court file.  We affirm.

This dispute arises out of a contentious history between Matthew S. DePerno, Albert W. Laaksonen, II, and their law offices.  In 2011, Cathleen and Ronald Moffit retained DePerno and his law office to represent them in an insurance and tax dispute that resulted from a fire that destroyed their home.  During the course of that representation, the Moffits' relationship with DePerno deteriorated, and the Moffits ultimately retained Laaksonen and his law office to file a lawsuit against DePerno.  There were a variety of disputes between the Moffits and DePerno, but the original complaint filed by Laaksonen on the Moffits' behalf focused on a fee dispute.[1]  Specifically, DePerno sought attorney fees of more than $137,000 in relation to the underlying representation, an amount the Moffits found unreasonable.[2]  Several months after filing their

---

[1] The Moffits' complaint included breach of contract, debt dispute, statutory violations, and legal malpractice counts against DePerno.

[2] According to the Moffits' complaint, DePerno was retained "to resolve a tax debt to the IRS of approximately $36,000."  DePerno apparently sought $137,779.38, an amount greater than the $108,000 settlement reached between the Moffits and the insurance company.  After the Moffits objected to the $137,000 amount, DePerno commenced a foreclosure action against the Moffits.

original complaint, the Moffits, still represented by Laaksonen, filed an amended complaint, alleging counts of assault and battery and intentional infliction of emotional distress in addition to those counts identified above. Eventually, the Moffits and DePerno settled. In the memorandum of settlement filed by Laaksonen, Laaksonen indicated, in pertinent part, that he and the Moffits "acknowledge that this case was solely a fee dispute" and that the "[a]llegations made in the Complaint and Amended Complaints of malpractice, assault and battery and intentional infliction of emotional distress were asserted in part to secure a restraining order preventing a real estate foreclosure."

After settling that matter, DePerno and his law office, the plaintiffs in this matter, filed the instant lawsuit against defendants, Laaksonen and his law office, alleging claims of libel, slander, defamation, and intentional infliction of emotional distress.[3] Plaintiffs' claims were based on their allegation that defendants "published and disseminated malicious, reckless, and outrageous falsehoods about him, including, but not limited to, falsely asserting that DePerno assaulted a client, committed malpractice, and caused his former clients to suffer emotional distress." In essence, plaintiff claimed that, because the matter between the Moffits and DePerno was only a fee dispute, all the allegations included in the complaint or amended complaint that were not limited to the fee dispute constituted a tort. Plaintiffs additionally alleged that defendants distributed copies of the Moffits' complaint against him to the community, which was also allegedly libelous, slanderous, defamatory, and intended to inflict emotional distress. In response, defendants moved for summary disposition, asserting, in pertinent part, that plaintiffs' claims were barred by the judicial-proceedings privilege and the fair-reporting privilege pursuant to MCL 600.2911(3). The circuit court eventually agreed, and plaintiffs' lawsuit was dismissed. This appeal followed.

On appeal, plaintiffs raise four distinct arguments. First, plaintiffs claim that the circuit court erroneously granted defendants' motion to set aside a default judgment that was entered against them. We disagree.

A circuit court's decision on a motion to set aside a default judgment is reviewed for an abuse of discretion. *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007). A circuit court abuses its discretion when its decision falls beyond the range of principled outcomes. *Epps v 4 Quarters Restoration LLC*, 498 Mich 518, 528; 872 NW2d 412 (2015). A defendant who has been served with a summons and a copy of a complaint has 21 days to serve and file an answer or take other action as permitted by law. MCR 2.108(A)(1). When a defendant chooses to file a motion for summary disposition pursuant to MCR 2.116 in response to a complaint, the responsive pleading is not due until 21 days after that motion for summary disposition is denied. MCR 2.108(C)(1); see also *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 387; 808 NW2d 511 (2011). If a party fails to comply with the time requirements set forth in MCR

---

[3] Plaintiffs' complaint identifies Susan Durian Metzger as a resident of Van Buren County who conducts business in Kalamazoo County. It is unclear what her role is in this matter, and plaintiffs complaint refers only to defendants collectively with respect to the allegations at issue in this case.

2.108(A)(1), the circuit court must enter a default. MCR 2.603(A)(1). Defaults may be set aside, however, if good cause is shown, MCR 2.603(D)(1), or if they were entered based on clerical errors, MCR 2.612(A)(1); MCR 2.603(D)(3).

In this case, the circuit court apparently entered a default judgment against defendants and in favor of plaintiffs on May 18, 2015, based on defendants' failure to file a responsive pleading. However, the record reflects, and the circuit court found, that defendants' motion for summary disposition was "court stamped May 14, 2015," which was timely pursuant to MCR 2.108(A)(1). Based on the fact that defendants' motion was timely, the circuit court set aside the erroneously entered default judgment. On appeal, plaintiffs hypothesize a variety of reasons as to why the motion may have been "court stamped" May 14, 2015, but actually filed on May 19, 2015; however, nothing in the record supports their hypotheses. The circuit court found the date stamp to be the most persuasive indication of what day the pleading was filed, and we are equally persuaded by the date stamp. See MCR 8.119(C) (requiring that the clerk of the court "endorse on the first page of every document the date on which it is filed"); see also *People v Earls*, 485 Mich 859, 859-860; 771 NW2d 730 (2009) (providing that this Court may rely on a date stamp to determine whether a pleading was timely filed). Accordingly, the circuit court correctly granted defendants' motion to set aside the default judgment.

Second, plaintiffs claim that the circuit court erroneously denied their motion to strike improper documents from the record. Relatedly, plaintiffs claim that the circuit court also erred in failing to sanction defendants for including those improper documents with their pleadings. We disagree in both respects.

A circuit court's decision regarding a motion to strike is reviewed for an abuse of discretion. *Belle Isle Grill Corp v City of Detroit*, 256 Mich App 463, 469; 666 NW2d 271 (2003). It is true that a party is not permitted to interpose a document into a case for an improper purpose. MCR 2.114(D)(3). It is equally true that discovery materials may be removed from the court file and destroyed by order of the court upon a finding that they are no longer necessary. MCR 2.316. However, files may only be destroyed 18 months after entry of judgment or dismissal of the action if there was no appeal or 91 days after appellate proceedings have concluded if there was an appeal that did not result in a remand for further proceedings. MCR 2.316(B)(3).

In this case, plaintiffs take issue with defendants' inclusion of a document entitled "Interoffice Memorandum" with their motion for summary disposition. This memorandum included discussions centering on DePerno's timekeeping issues with another law office. These issues included "time being entered without explanation," "billable hours being 'padded,' " "excessive" write-offs, and manipulations "of the timekeeping/bill system to maintain . . . quota hours on accounts that may not render payment." Plaintiffs claim that this memorandum was "privileged and confidential" because it was "related to prior litigation," but plaintiffs do not identify, and we are unaware of, any privilege that extends to this type of a memorandum. In fact, plaintiff does not contest that it was already publically available as part of an unsealed court file in another action. It is plaintiffs' position that this memorandum was included to harass and embarrass them in violation of MCR 2.114(D)(3), but, considering the fact that the Moffits' lawsuit against DePerno focused on a fee dispute, DePerno's history of billing irregularities was obviously relevant. Finally, to the extent plaintiffs claim that this memorandum should have

been struck from the record because it was inadmissible, we must first note that plaintiff did not challenge the admissibility of the document below; thus, appellate review in this regard is precluded. *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). Furthermore, we are unaware of, and defendant has not cited to, any authority that requires inadmissible exhibits in the court file to be struck. Accordingly, the circuit court correctly denied plaintiffs' motion to strike improper documents and for sanctions.

Third, plaintiffs claim that the circuit court erroneously granted defendants' motion for summary disposition. Specifically, plaintiffs claim that the statements at issue in this case are not protected under the judicial-proceedings or fair-reporting privileges. We disagree.

A circuit court's decision to grant or deny a motion for summary disposition pursuant to MCR 2.116(C)(8) is reviewed de novo. *Veenstra v Washtenaw Country Club*, 466 Mich 155, 159; 645 NW2d 643 (2002). "A motion for summary disposition brought pursuant to MCR 2.116(C)(8) tests the legal sufficiency of the complaint on the allegations of the pleadings alone." *Feyz v Mercy Mem Hosp*, 475 Mich 663, 672; 719 NW2d 1 (2006). That is, "the motion tests whether the complaint states a claim as a matter of law, and the motion should be granted if no factual development could possibly justify recovery." *Id*. The existence of a privilege that immunizes defendants from liability for defamation presents a question of law that is reviewed de novo. *Northland Wheels Roller Skating Ctr, Inc v Detroit Free Press, Inc*, 213 Mich App 317, 324; 539 NW2d 774 (1995). Likewise, the interpretation of court rules and statutes present questions of law that are also reviewed de novo. *Feyz*, 475 Mich at 672.

Here, whether or not summary disposition was appropriate rests largely on whether plaintiffs could ultimately succeed in their defamation claim against defendants. The elements of defamation are "(1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the party of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication." *Mitan v Campbell*, 474 Mich 21, 24; 706 NW2d 420 (2005). "A defamatory communication is one that tends to harm the reputation of a person so as to lower him in the estimation of the community or deter others from associating or dealing with him." *American Transmission, Inc v Channel 7 of Detroit, Inc*, 239 Mich App 695, 702; 609 NW2d 607 (2000). Even if a communication is defamatory, however, it may be absolutely privileged; if so, there will be no remedy. *Oesterle v Wallace*, 272 Mich App 260, 264 NW2d 725 725 NW2d 470 (2006). "If a statement is absolutely privileged, it is not actionable even if it was false and maliciously published." *Id*.

At issue in this case are the judicial-proceedings and fair-reporting privileges. Under the judicial-proceedings privilege, "[s]tatements made by judges, attorneys, and witnesses during the course of judicial proceedings are absolutely privileged if they are relevant, material, or pertinent to the issue being tried." *Oesterle*, 272 Mich App at 264. "What a litigant considers to be pertinent or relevant is given much freedom, and the privilege is liberally construed as a matter of public policy 'so that participants in judicial proceedings may have relative freedom to express themselves without fear of retaliation.'" *Lawrence v Burdi*, __ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 322041); slip op at 7, quoting *Sanders v Leeson Air Conditioning Corp*, 362 Mich 692, 695; 108 NW2d 761 (1961). Under the fair-reporting privilege, "[d]amages shall not be awarded in a libel action for the publication or broadcast of a fair and

true report of matters of public record . . . ." MCL 600.2911(3). The fair-reporting privilege applies "not only [to] the publication of public and official proceedings but also [to] the broadcast of matters of public record, of a governmental notice, announcement, written or recorded report or record generally available to the public, or act of a public body." *Northland Wheels*, 213 Mich App at 326. "[T]he statute makes it clear that [a] defendant's motivation is irrelevant if a fair and true report is made of the proceeding." *Stablein v Schuster*, 183 Mich App 477, 482; 455 NW2d 315 (1990); see also See also *Bedford v Witte*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket Nos. 327372, 327373); slip op at 5 (holding "that the plain language of [MCL 600.2911(3)] of the statute simply does not provide an exception for cases involving malice (however plaintiffs try to define it) or self-reporting.").

Applying those rules to the facts of this case, we conclude that the circuit court was correct in holding that the assault and battery, intentional infliction of emotional distress, and malpractice allegations made by Laaksonen on behalf of the Moffits in the amended complaint were protected by the judicial-proceedings privilege. Plaintiffs' claim that these allegations were irrelevant because Laaksonen acknowledged that the Moffits' lawsuit against DePerno "was solely a fee dispute" is without merit. Stated simply, the settlement memorandum has no bearing on what was or was not relevant to the issues identified in the Moffits' complaint. The complaint included allegations of assault and battery, intentional infliction of emotional distress, and malpractice, and it is clear to us that those allegations were obviously at issue in that case. While the Moffits may have elected not to further pursue those claims in hopes of facilitating settlement, plaintiffs' position that they were irrelevant to that case has no merit. Indeed, even if we assume that the Moffits' lawsuit against DePerno was limited solely to a fee dispute, the fact that DePerno allegedly assaulted and battered the Moffits, intentionally inflicted emotional distress on the Moffits, and committed malpractice in representing the Moffits certainly related to whether he was entitled to the $137,000 in attorney fees that he sought. Accordingly, the circuit court correctly concluded that the allegations at issue in the amended complaint were protected under the judicial-proceedings privilege.

Similarly, we also conclude that the circuit court was correct in holding that any circulation of defendants' amended complaint against plaintiffs to the community were protected under the fair-reporting privilege. There is no allegation that the complaint was altered in any manner before it was allegedly circulated to the community, and it is undisputed that the complaint was a matter of public record available for public review. MCR 8.119(H); see also *Sawabini v Desenberg*, 143 Mich App 373, 385; 372 NW2d 559 (1985). Thus, it cannot be disputed that defendants' circulation of the complaint to the community was the "publication or broadcast of a fair and true report of matters of public record" pursuant to MCL 600.2911(3). See also *Stablein*, 183 Mich App at 482. To the extent that defendant relies on cases interpreting previous versions of MCL 600.2911(3), see, e.g., *Park v The Detroit Free Press Co*, 72 Mich 560, 568; 40 NW 731 (1888), this Court is not compelled to follow decisions interpreting the previous and more restrictive version of MCL 600.2911(3). See *Northland Wheels*, 213 Mich App at 326. Accordingly, the circuit court correctly concluded that the circulation of the amended complaint to the community was protected under the fair-reporting privilege. See also *Bedford*, ___ Mich App at ___; slip op at 3, 5 (holding that "the publishing of an exact copy of the complaint that initiated judicial proceedings constitutes a 'fair and true' report with respect to those proceedings" regardless of whether "malice" or "self-reporting" are present).

Lastly, plaintiffs argue that the circuit court erroneously denied their motion for reconsideration. To support his argument, however, plaintiffs rely on the arguments discussed above, all of which we have rejected. Accordingly, the circuit court correctly denied plaintiffs' motion for reconsideration for the same reasons as those articulated above.

Affirmed. Defendants, as the prevailing parties, may tax costs pursuant to MCR 7.219.


/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Colleen A. O'Brien